Beville et al. v. McIntosh.

JOHN A. BEVILLE *et al.* v. DANIEL McINTOSH.

1. CHANCERY PLEADING AND PRACTICE: DECREE PRO CONFESSO MUST BE
   TAKEN BEFORE CAUSE SET DOWN FOR HEARING. A cause cannot be set
   down for hearing before a decree *pro confesso* is taken against a defendant,
   who has failed to appear. Rev. Code, 547, art. 39.
2. SAME: BILL TO FORECLOSE A MORTGAGE: REFERENCE MUST BE MADE
   TO A MASTER OR THE CLERK TO STATE AN ACCOUNT. A final decree
   cannot be passed on a bill to foreclose a mortgage, without a reference to
   the clerk or a master, to compute and report the amount due. Rev. Code,
   547, art. 48.

ERROR to the Chancery Court of Noxubee county, Hon. John
Watts, chancellor, on exchange of circuits with Hon. W. H.
Foote, chancellor of sixth judicial district.

Defendant in error filed his bill for the purpose of enforcing
the vendor's lien. Process was returned properly served. At
the April term, 1867, the plaintiffs in error having failed to
appear, the following decree was made : "This cause coming
on to be heard this day upon bill, exhibits and proofs, and it
appearing that the defendants were duly served with notice and
they having failed to plead, answer or demur to the bill of com-
plaint, the same is taken as confessed ; and the court being
satisfied that the amount of the purchase-money now due is a
lien on said land in the bill mentioned (describing it). And it
further appearing that there is now due of the unpaid pur-
chase-money the sum of $3,595, which is a lien in equity upon
said land : It is therefore ordered, adjudged, and decreed,"
that unless defendants pay by a specified time the land be sold,
&c. This was the only decree made in the cause.

A writ of error was sued out, and the errors assigned are
stated in the opinion of the court.

*Beauchamp & Welsh*, for plaintiffs in error, cited Rev. Code,
546, 547, art. 39, 48 ; 1 How. (Miss.) 333.

*Jarnagan & Rives,* for defendant in error, cited Barbour's Ch. Pr. 371; 9 Porter (Ala.), 94.

ELLETT, J., delivered the opinion of the court.

The questions in this case are:

1. Whether a cause can be set down for hearing before a *pro confesso* has been taken against the defendant, he having failed to appear.

2. Whether a final decree can be passed on a bill to foreclose a mortgage, without a reference to the clerk, or a master, to compute and report the amount due.

We think that both these questions are settled in the negative by articles 39 and 48 of the Chancery Court act, Rev. Code, 547, which articles are only in affirmance of the long established practice of chancery courts. These rules being now defined by statute, are uniform all over the State, and cannot be departed from or disregarded.

For these reasons the decree will be reversed, and the cause remanded.