## F. F. FREEMAN *v.* S. P. LEDBETTER.

CHANCERY PRACTICE.—In a proceeding in equity to enforce a vendor's lien, a final decree, on bill and *pro confesso*, without first an order of reference to a master, to compute and report the amount due, is held to be error.

Error to the chancery court of Lee county.    LOVERING, J.

Appellant assigned the following errors :

1st. That the final decree was passed without reference to the clerk, or a master, to compute the amount due.

2d. That there is a fatal variance between the bill and the decree ; the bill praying the sale of the northeast quarter of section thirty-one, and the decree being for the sale of the northwest quarter of section thirty-five.

3d. That the service is insufficient.

4th. That the averments in the bill do not entitle the complainants to the relief decreed.

5th. That no bill is stated in the bill to be due to the complainant by the defendant.

*Blair & Bro.*, for appellant,

Beg leave to refer, on the first assignment, to Beville et al. v. McIntosh, 41 Miss., 516 ; 1 How., 333 ; Rev. Code, p. 546–7 arts. 39 and 48.

As to the second assignment, it is unnecessary to cite authorities.

Third assignment: The sheriff's return of a waiver of service, or a copy, is no evidence of that fact. His return only proves itself in so far as it is an execution of process, and no farther. Judgment by default, or *pro confesso*, without proof of a waiver of a copy, is clearly erroneous. His return of waiver is no proof of it. The return of service then stands thus in law: "Executed personally on F. F. Freeman." This return is further defective in not being signed by any *officer* or deputy. It is signed J. W. Moore, sheriff, per M. F. Whitehead.

We deem it unnecessary to notice specially the fourth and fifth assignments here.

No counsel for the defendant in error.

SIMRALL, J.:

S. P. Ledbetter exhibited his bill in the chancery court of Lee county, against F. F. Freeman, asserting the vendor's lien for a balance of purchase money due on land sold and conveyed by him to Freeman. Subpœna was issued on the 25th of October, 1869, and served on the 28th of the month. At the November term, 1869, a *pro confesso* was entered up and final decree rendered; from which the case is brought by Freeman to this court by writ of error. Five errors are assigned:

1st. That final decree was rendered without a reference to a master to compute and report the amount due. With a view to give uniformity to the practice in the chancery court, the legislature has very wisely prescribed sundry general rules regulating the mode and order of procedure. If process has been returned executed in due time, or proof of publication properly made, and the defendant declines to plead, answer or demur, a *pro confesso* may be taken. If the bill is taken for confessed against all the defendants, the complainant may set down the case for hearing at the same term. Code, art. 39, p. 547. In the case of Pettibone and wife v. Getting [MS. opinion], it was held to be error to set the case for hearing, and proceed to final decree, without having first taken the order *pro confesso*. In foreclosure

suits, on mortgages and deeds of trust, if the court shall think the complainant entitled to a decree, a reference, etc., may be made to compute the amount due, etc., and no motion of confirmation is necessary, but the report shall be confirmed and final decree passed, of course, unless cause be shown, etc. Art. 48, p. 547 of Code.

This was doubtless intended to give opportunity to the defendant to inspect the report, and show cause, if so advised, against its confirmation. The case of Beville v. McIntosh, 41 Miss. Rep., 516, is precisely like this. There McIntosh filed his bill against Beville to enforce the vendor's lien ; final decree was passed without a reference to a master or commissioner to report what was due. It was held that it was erroneous to make a final decree without a reference and report. The 48th article of the Code includes in the text, " suits for the foreclosure or satisfaction of mortgages and deeds of trust." But the reason is as cogent that suits on the vendor's lien should be brought within the requirement there laid down. Such was the ruling in the case cited. Though no separate motion to confirm the commissioner's report is necessary, it ought to appear in the final decree that it was confirmed.

For this error the Decree is Reversed.