SIDNEY SMITH, Exr., et al. *v.* A. PATTISON, Adm'r.

1. SUMMONS — RETURN OF SERVICE. — A return of service of a summons in chancery in these words, viz.: "Executed on Sidney Smith, executor, Mrs. Julia L. Smith, executrix, etc., by offering to each a copy of this summons, which they each declined, and on Miss Fanny R. Smith (and other minors, naming them), by handing each a copy of this summons," was good, it appearing from the bill that Mrs. Julia L. Smith was the mother and guardian of the minors.

2. FINAL DECREE — RECITAL — EFFECT OF. — A recital in the final decree that the amount due was ascertained by reference to a master, not being contradicted by any part of the record, is sufficient without any formal order of reference and report from the master being in the record.

3. REVIVAL — IN WHOSE NAME. — The record showed that one of several defendants in a chancery suit became the administrator of complainant, who died pending the suit, and came in voluntarily and suggested the death of complainant, and had the case revived in his name as such administrator, as complainant: *Held* to be correct.

4. EVIDENCE — WHAT SUFFICIENT — CASE IN JUDGMENT. — Where the record of a suit in chancery to enforce a vendor's lien showed the note for the purchase-money and the deed conveying the land, as exhibits to the bill, and the final decree recited that the court had looked into the record and being satisfied that a sum was due, decreed accordingly: *Held* to be sufficient, as against minors, as well as adults.

APPEAL from the chancery court of Tallahatchie county. COTHRAN, J.

The facts are minutely stated in the opinion of the court, leaving nothing for the reporter to add.

*Fitzgerald & Hall*, for appellants.

Appellee's intestate filed his bill in the chancery court of Tallahatchie county to the May term, 1867, to enforce his vendor's lien upon certain lands sold by him to the testator. At the same term the adult defendants who were in court by proper process filed a formal demurrer, which at the same term was overruled and leave to answer in ninety days as of that term. At the November term, 1867, a decree *pro confesso* was taken against Alexander Pattison, Sydney Smith, Julia Smith and Mary and Enos Rodgers.

At what time the record does show, the death of the complainant was suggested by Alexander Pattison, and it

appearing to the court that he was administrator, etc., of complainant, the cause was revived in his name. On the 22d day of May, 1868, said administrator filed his petition for appointment of guardian *ad litem* for minor defendants. At the same term James B. Boothe was appointed and filed his answer. At the same term of the court, 23d May, 1868, the final decree in the cause was rendered.

The first effort to serve the minor defendants with summons was by leaving a true copy of the same "with Sidney Smith a free white person over eighteen years of age and a member of Mrs. J. L. Smith's family, May, 1867." The next in this way "executed on Sidney Smith, executor, and Mrs. Julia S. Smith, executrix, etc., and on Miss Fannie R. Smith, Margaret Ellen Smith, John Alexander and Belle Prince Smith, by handing to each a copy of this summons, Oliver Webb Smith and Alexander Pattison not found in my county."

The first is wholly wrong from beginning to end. That the last is incomplete is clearly decided in Mullins et al. v. Sparks, admr., 43 Miss. 129, and we think in Dogan v. Brown, 44 ib; Johnson v. McCabe et al., 42 ib. 255. We think the service upon Oliver W. Smith proper.

As to the second assignment, although the final decree recites that "it being ascertained by a reference to the clerk and master of this court to make a calculation of interest due on said note, etc., we think from the opinion of this court in the case of Freeman v. Ledbetter, 43 Miss. 165, that an order of reference to a master should have been made, and the record, as a matter of course, ought to contain that order. We do not think that the recital in the final decree is sufficient. The record of the case does not sustain the recital. If the recital in the decree be sufficient to show that a reference was actually made to a master, there is no pretense for saying that said master duly reported the result. If he did so report, it does not appear, as it certainly ought, from the record.

The error pointed out in the third assignment is self evi-

dent. Alexander Pattison, one of the original defendants, by his suggestion of the death of complainant, and that he is the administrator, is charged thereby, and by nothing else, to the complainant in the cause, and the case proceeds in his name, without any other action of the court touching the change, to final decree.

The fourth assignment is fully sustained by the high court of this state in Ingersoll v. Ingersoll, 42 Miss. 155. In this case, as in that, there was no proof in court, or before the master, of the amount claimed. In this case, the petition for guardian *ad litem*, appointment of same, and his answer, were all on the same day, and the final decision on the next. Johnson v. McCabe et al., 42 Miss. 255.

*Shelton & Shelton*, for appellee.

The errors assigned are merely exceptions to the regularity of proceedings below. The first error is that there was no proper service on the minor defendants. Appellant makes no exception to the service on Oliver W. Smith, a minor. The other minors are Fanny R., Margaret E., John A. and Belle P. Smith, as to whom the exception is taken. It will be seen that there was, by the clerk, indorsed on the summons special instructions to the sheriff "to serve personally on said minor heirs, and on Julia L. Smith, their guardian, for them." Julia L. Smith is the mother of said minors, and their guardian. The sheriff returns: "Executed on Sidney Smith, executor, and Mrs. Julia L. Smith, executrix, etc., by offering to each a copy of this summons, which each declared; and on Miss Fanny R. Smith, Margaret E. Smith, John A. and Belle P. Smith, by handing to each a copy of this summons, November 5, 1867." The foregoing we think good service on the minors, for it shows personal service on each, by delivering to each a copy of the summons, and also service on Mrs. Julia L. Smith, their mother and guardian, and that we think a full compliance with the law. Rev. Code of 1857, p. 489, art. 64. This return is wholly unlike that in Mullins v. Parks, 43 Miss. 131, in which there

was no pretense of service on the next of kin, while here, by service on the mother, she was fully informed of the suit and the necessity of defending it.

The second assignment of error is, that the court did not refer the case to a commissioner to compute the amount due. The facts pertinent to this assignment are : That the case was for enforcement of a vendor's lien for a note of $6,500, dated 1st April, 1858, and 1st April, 1860, on its face bearing six per cent interest from its date, with complainant's receipt for $2,000, dated July 12, 1865, indorsed thereon. The original note made an exhibit was filed with the complaint. The decree records these facts : " The court being satisfied that there is a balance of the purchase-money due for said lands, being the last note given by said decedent, Sydney Smith (the purchaser), which constitutes a lien on said lands, and it being ascertained by reference to the clerk and master of this court to make calculation of the interest due on said note, that there is now due on the same the sum of $8,308 13, being the principal and interest on said note at six per cent, after deducting the credit which has been entered thereon. Therefore ordered," etc. The above sum is perfectly correct. The purpose of reference is to procure facts for the court and inform its conscience as to these. If the recitals are to be taken as true, there was in fact a reference to the clerk and master who did correctly compute and report the amount due, all of which was approved in the final decree. The reference, computation and confirmation was for all practical purposes made. No defense had been made to the bill. The true question, then, is, whether the recitals of the decree are not by this court to be taken as true, and that in that way the court was informed and a correct result reached, or must the evidence thus procured appear of record outside of the recitals. The chancery court is one of general jurisdiction, the facts appear upon record by the recitals of the decree, and the presumptions of law are in favor of the correctness of its judgments, and they cannot be collaterally

questioned.    31 Miss. 578 ; 37 ib. 17 ; 39 ib. 784–789 ; 43 ib. 150.

The third error assigned is, that the cause was improperly revived in the name of Alexander Pattison, administrator of complainant.    The order of revival recites that the death of complainant having been suggested and made known to the court, and Alexander Pattison having appeared and satisfied the court that he is administrator of complainant, on his motion the order of revivor was made.    The principle just stated, and the authority just quoted, show that the facts recited are to be taken as true, and that the presumptions are in favor of the order, and upon these the statute is conclusive that the order was right.    It provides that the administrator may come in voluntarily, and, by suggestion, make himself a party plaintiff or defendant, as the case may be.    Code of 1857, 456, art. 124.    The fact that he had been and was a defendant, as administrator of Smith, would create no difference in a court of chancery ; it would rather be another ground for its jurisdiction.

The fourth error assigned is, that the complainant's decree was rendered without proof of his cause.    We do not know what more proof could have been asked.    A certified copy of Jones' deed to Sydney Smith was made an exhibit to the bill bearing date the 7th day of November, 1857 ; also, the original note given therefor.    No one answered or denied any thing stated in the bill, and the court being satisfied that the note was given for the land, decreed accordingly.    The truth of the court's conclusion is unquestioned, and this court will not disturb its conclusion on appeal.

There is no error in the case ; justice and equity has been done, and the case should be affirmed.

TARBELL, J. :

This is a proceeding in chancery to enforce a vendor's lien on real estate.    There was a demurrer to the bill by all the defendants, which was overruled, with leave to answer, but

no answer was ever filed, except by the guardian of the minor defendants. The cause proceeded to judgment *pro confesso*, and final decree for the sale of the premises, when the defendants appealed.

It is set forth in the bill that Thomas S. Jones was, in 1857, the possessor and owner of certain tracts of land therein described, which he sold to Sidney Smith for $19,500, to be paid in three equal annual installments, for which the vendee executed his promissory notes, and the vendor gave to the vendee a warranty deed of said lands. The first and second installments were paid, but the third is due and unpaid, except $2,000. The vendee occupied said lands until his death in 1859, and the widow and children continued in the occupation, and are in the undisturbed possession of the same. The deceased left, surviving him, his widow, Mrs. Julia L. Smith, Sidney Smith, Jr., and Mrs. Mary Rogers, wife of Enos Rogers, adult heirs, Fannie R. Smith, Oliver Webb Smith, Margaret Ellen Smith, John Alexander Smith and Belle Prince Smith, minor heirs, of whom Mrs. Julia L. Smith is mother and guardian. By his last will and testament the deceased had appointed his son, Sidney, and Alexander Pattison the executors, and Mrs. Julia L. Smith executrix of his estate. The bill avers that the executors have paid, on the third note $2,000, and that there is not sufficient personal property belonging to the estate to pay the balance, the only security remaining to the vendor being the real estate for which the note now remaining due was given.

The bill was filed by Thomas L. Jones, the vendor, against the executors and executrix, and against the adult and minor heirs of the deceased. Process was duly served on all the adults, about which there is no dispute, but it is denied that the service upon the minors was sufficient. The bill was filed in 1867. Pending the suit, the complainant died, and Alexander Pattison was appointed administrator of his estate. A guardian *ad litem* was appointed for the minors.

The first error assigned is, that the court erred in rendering a decree without proper service upon the minor defendants, who are, by the bill, Fannie R. Smith, Oliver Webb Smith, Margaret Ellen Smith, John Alexander Smith and Belle Prince Smith, of whom Mrs. Julia L. Smith, widow of the deceased, is mother and guardian.  Under date of November 6, 1867, there appears the following return of service of subpœna: "Executed on Sidney Smith, executor, and Mrs. Julia L. Smith, executrix, etc., by offering to each a copy of this summons, which they each declined, and on Miss Fannie R. Smith, Margaret Ellen Smith, John Alexander and Belle Prince Smith by handing to each a copy of this summons. Oliver Webb Smith and Alexander Pattison not found." December 28, 1867, is a return of service of subpœna as follows: "Served personally on Oliver Webb Smith by leaving a true copy of this summons with him, and on Mrs. Julia L. Smith, his mother and guardian, by copy left with her."

. There was an affidavit and order for publication as to Oliver Webb Smith as a non-resident, made November 25, 1867, together with proof of publication.  Prior to the foregoing return of service upon the minors, there had been proper service upon the adult defendants, and, besides, they all appeared in the cause by filing the demurrer.  The service upon the minors seems to be fully in conformity. with the Code as construed in Mullins v. Sparks, 43 Miss. 129, and Johnson v. McCabe, 42 ib.

The second alleged error is, that the court rendered a final decree without referring the account between the parties to a master.  Upon this point the record recites, in the final decree, that, "it being ascertained by a reference to the clerk and master of this court to make a calculation of the interest due on said note, that there is due the sum of $8,308 13, being the principal and interest on said note at six per cent, after deducting the credit which has been entered thereon," etc., which was $2,000 paid by the executors in 1865.   Not being contradicted by the record this recital is *prima facie* true,

and if so, the second alleged error is not well taken. Freeman v. Ledbetter, 43 Miss. 165.

The third assignment of error is this, that "the court erred in allowing Alexander Pattison, one of the defendants in the bill, to suggest the death of the complainant and have the suit revived in his own name as administrator of complainant."

Alexander Pattison was made defendant in the bill, but he was subsequently appointed administrator of the complainant, who deceased pending the suit, whereupon he came voluntarily into court, and suggesting the death, asked to have the action revived and continued in his name as such administrator, which was done.

This seems to be strictly according to the Code, art. 124, p. 456. See, also, Bowen v. Bonner, *supra*, p. 10.

· The fourth and last assignment of error alleges, that the court rendered judgment without requiring the complainant to prove his demand in court or before a master.

The bill was filed to enforce the payment of the amount due on a note or bill single, which was attached to and made an exhibit with the bill. There was also attached to the bill as an exhibit, the deed from the vendor to the vendee, deceased. A decree *pro confesso* was taken generally in the cause, and the only evidence of proof having been taken therein is contained in the final decree, wherein, it is recited, that "this cause coming on for final hearing at this term of the court upon the bill, exhibits, proof, *pro confesso* and answer of the minors by their guardians, and the court having looked into the same and being satisfied that all the allegations are true," etc., "and the court being satisfied that there is a balance of purchase money due," etc., "and it being ascertained by a reference to clerk and master," etc., "to make calculation of the interest due on said note," etc. A *prima facie* case is at least made out which is not impeached by any other portion of the record.

Unable to see cause for reversal of the decree in this case, and satisfied that substantial justice has been done, we have reached the conclusion, that the decree must be affirmed, which is accordingly done.