### J. H. WALKER et al. vs. WILLIAM JOYNER.

1. CHANCERY PRACTICE: *Issuance and return of process. Code of 1871, § 1005.*
   The Code of 1871, § 1005, requires process to be made returnable on the next rule day in vacation succeeding its issuance, or on the first day of the regular term of the court, to be held ten days after the issuance thereof. This requires process, issued within ten days of the term, to be made returnable to the next rule day in vacation, although service five days before its return is sufficient.

2. SAME: SAME: *Reference to a master.*
   Where a bill is filed to enforce a lien on real estate, and the amount of indebtedness is to be ascertained, it is well settled that the court must refer it to the clerk and master, to state an account showing amount due.

APPEAL from the Chancery Court of *Alcorn* County.

Hon. CLARENCE CULLENS, Chancellor.

The facts in this case necessary to a full understanding of the questions considered are set forth in the opinion of the court.

It is assigned for error:

1. The process was made returnable to a day less than ten days from its issuance.

2. There was no account taken of the indebtedness existing between the complainant and defendant.

*Green & Pickens*, for appellants :

The court had no jurisdiction of the parties, the process being void. Code of 1871, § 1005 ; Hurst *v.* Strong, 1 How., 123.

2. There was no reference to a master, to take and state an account of the indebtedness existing between the parties.

*W. H. Kilpatrick*, for appellee :

1. Section 1005 of the Code will not sustain the position taken by counsel. The ten days referred to in that section is where the process is returnable to a rule day in vacation. The section clearly implies that, if process has been executed five days before the return day, the answer is required at the *regular term*. Code 1871, § 1021.

2. The bill was filed to enforce the lien for an amount absolutely due for land sold, and is not such a suit as is referred to in the Code, § 1027. A reference to the clerk and master was not necessary.

TARBELL, J., delivered the opinion of the court.

Bill filed June 1, 1874, to enforce lien on real estate. Summons issued on same day, returnable first Monday in same month, being the 7th day of that month, and the first day of the then next term of the chancery court of Alcorn county. This process was served on the day of its issuance. The defendant did not appear. There was a *pro confesso* on the 10th of the same month. Final decree followed at once, without reference to a master.

It is assigned for error that process was improvidently issued, and that the final decree was rendered without a reference to a master.

The Code, § 1005, enacts that "process shall be made returnable on the next rule day in vacation succeeding its issuance, or on the first day of the regular term of the court, to be held ten days after the issuance thereof." This would

seem to require process issued within ten days of the term to be made returnable to the next rule day in vacation, although service five days before its return is sufficient. However this may be, the other error assigned is fatal, as has been repeatedly held by this court.

Both grounds of error are technical, but they seem to be in accordance with the letter of the statute.

Decree reversed, and cause remanded.