### NANCY SMITH v. SARAH SCHERCK.

1. HOMESTEAD EXEMPTION.   *Right of wife in respect thereto.*   Act 1873, p. 78, *construed.*

   The act of 1873, p. 78, which provides that no conveyance of his homestead by the husband shall be valid unless the wife joins in the conveyance, confers no right of property upon the wife in the homestead exemption in lands belonging to the husband, but gives her a mere veto power upon his right to sell or encumber it.   *Billingsley* v. *Neblett*, 56 Miss. 537, approved.

2. SAME.   *Statute of Limitations.   Husband and wife.   New promise.*

   Where a wife joins with her husband in executing a deed of trust on the homestead belonging to the husband to secure a debt due by him, a new promise in writing, by him alone, made before the bar of the Statute of Limitations has attached, operates to prevent such bar, and to give a new period for both the debt and the security to run; and the concurrence of the wife in such new promise is not required by the act above referred to.

APPEAL from the Chancery Court of Lincoln County.

Hon. H. S. VAN EATON, Chancellor.

On the 6th day of January, 1875, Pleasant Smith gave to L. Alcus & Co. his promissory note for $250, for a debt due from him to them, and at the same time he and his wife, Nancy Smith, executed to Alcus & Co. a deed of trust with R. H. Thompson as trustee, on certain personal property and the homestead exemption in lands belonging to the husband, to secure the payment of the note.   On the 13th of March, 1879, a settlement was had between Pleasant Smith and the payees in

the note.   This settlement was in writing, and was indorsed on the note and signed and sealed by both Mr. and Mrs. Smith, and recited that it had been ascertained and agreed that the amount then due on the note was $157.76, "which balance is secured by the deed in trust made January 6, 1875." Alcus & Co. transferred the note and the deed of trust to Mrs. Sarah Scherck, who, the same being unpaid, filed her bill in the Chancery Court of Lincoln County on November 18, 1881, against Pleasant Smith, Nancy Smith and R. H. Thompson, trustee, seeking to foreclose the deed of trust. Mrs. Smith answered the bill, pleading the Statute of Limitations of six years.   A decree was rendered in favor of the complainant, and from this decree Mrs. Smith appealed.

*A. C. McNair*, for the appellant.

The statute in force at the time of the execution and the indorsement of the trust-deed provided that it should not be lawful for a married man to sell or otherwise dispose of his homestead without the consent of his wife, and no deed of conveyance from the husband for the homestead shall be valid unless the wife shall join in such conveyance, her acknowledgment to be taken as in other cases of acknowledgment of deeds of married women.   Acts 1873, p. 78. As the debt was the debt of her husband, and was not binding on her, and as she was in no way bound for it, I take it that before the acknowledgment relied on to save the bar can affect her, it must have been executed with the same solemnity and formality required in the original execution of the deed.   If Mrs. Smith had in the first instance signed the note as surety of her husband, as to her the note would be void, and the indorsement would amount to naught.   It would not bind her.   *Porterfield* v. *Butler*, 47 Miss. 166.   When Mrs. Smith joined her husband in the execution of the trust-deed the effect of her contract was that it should be a security on the exempt property for the period of six years and no longer.   He had no power alone to affect an existing homestead and to keep alive a perpetual encumbrance upon it.   If he can by

his acts alone extend the mortgage lien for the benefit of plaintiff in this cause, he can, by successive acts without the wife's consent, render the encumbrance perpetual, and defeat the object of the statute creating and allowing homesteads. The utmost that Smith could do was to affect his own interest, and even this had to be done in the manner allowed by law. He cannot by any act continue the old mortgage in life, as to the homestead interest, beyond the time when it would be otherwise barred by the Statute of Limitations. Smyth on Homes. & Ex., sect. 271; *Barber* v. *Babel*, 36 Cal. 21; *Spencer* v. *Friedendall*, 15 Wis. 666. It has been held by the courts of last resort of several of the States of the Union that the mortgageor or principal debtor has no power to create, renew or prolong a charge upon the premises, or to extend the time for the collection of debts, when the interest of a third person is to be affected thereby. *Gardiner* v. *Nutting*, 5 Me. 140; *Lowther* v. *Chappell*, 8 Ala. 353; *Dean* v. *Munroe*, 32 Ga. 28; 7 *Wait's Act. & Def.* 299; *Lord* v. *Morris*, 18 Cal. 482; *Lent* v. *Morrill*, 25 Cal. 499; *Lent* v. *Shear*, 26 Cal. 370; *Law* v. *Allen*, 26 Cal. 141. The same principle has been announced by this court in the case of *Avent* v. *McCorkle*, 45 Miss. 221, in which it was held that a vendor's lien could not be revived by a new promise as against a subsequent judgment-creditor of the vendee.

*R. H. Thompson*, for the appellee.

Every requisite of the act of 1873 was complied with in this case. Smith mortgaged the land by the consent of his wife, and the deed was executed by the wife, acknowledgment taken according to the act, and even the new promise or extension was by consent of the wife. There was and never has been any statute in this State requiring an acknowledgment to stop Statute of Limitations of a married woman to be made before a justice of the peace or other officer. Hence the argument of counsel is fallacious. The assumption by counsel that the Statute of Limitations enters into and forms a part of the contract is unwarranted. The Statute of Lim-

itations pertains to the remedy merely, and as a consequence is changeable by legislation. But counsel, even on his assumption, ought to take the whole Statute of Limitations into consideration. If one section of it entered into the contract, so did the section providing for new promises; and, taking the whole statute into view, his conclusions fail. Counsel erroneously assumes that the acknowldegment of the debt and the admission that it was secured by the deed was the act of the husband alone; the wife signed and sealed the indorsement on the back of the note. His authorities only became pertinent on this assumption. Smyth on Homes., sect. 271, cited by him, speaks only of cases where the wife did not consent. So of *Barber* v. *Babel*, 36 Cal. 21, cited by counsel. So of *Spencer* v. *Friedendall*, 15 Wis. 666, cited by counsel, which last case was an effort to extend a paid and satisfied mortgage. The authorities cited to the effect that a mortgageor has no power to prolong a charge so as to effect the interest of third parties, all proceed on the idea that there is no consent by the third party. No decision can be found — and if found it would not be respected — that the third parties could not consent to such an extension of the prior mortgage. No statute of Mississippi requires, or ever did require, an acknowledgment to take a case out of the bar of the Statute of Limitations, either by the debtor or by a person whose property is bound, to be acknowledged before a justice of the peace or other officer, and without such a statute Mrs. Smith's pretended defence is without a foundation. The record shows the land was Smith's and not the wife's.

CHALMERS, J., delivered the opinion of the court.

In several of the States it is held, under statutes declaring mortgages of the homestead void unless the wife joins in them, that a renewal of the debt protected by mortgage will not prolong the security except by the renewed assent of the wife; but this conclusion is based upon the premise that the effect of such statutes is to give the wife a right of prop-

erty, or at least a legal interest in the homestead, though the legal title is in the husband. From such a premise the conclusion is sound. If the wife is by the statute vested with any legal or equitable ownership in the homestead, it seems clear that in order to prevent the bar of the Statute of Limitations she must renew her mortgage in the mode pointed out by the statute for executing it, and such is the doctrine in several States. Smyth on Homes., sect. 271.

But our doctrine is that our-statute (Acts 1873, p. 78) confers no right of property upon the wife, but a simple veto power upon the sale or encumbering of it. *Billingsley* v. *Niblett*, 56 Miss. 537.

It remains, despite the statute, the exclusive property of the husband where the legal title resides in him, but with a limitation upon the *jus disponendi*, by which he is prevented from selling or encumbering it without the conjoint act of the wife. When, however, she has given her assent in the mode appointed by law, it is operative to its full effect, and can neither be recalled nor restricted by her. When, therefore, she joins in a mortgage of it to secure a debt, the property *quoad* the mortgage ceases to be a homestead, and is bound as any other property of the husband would be; and as long, therefore, as the debt is kept alive by him who owes it, the mortgage remains in full force. Having consented that it might be bound for that debt, it must so continue until the debt be discharged by judgment, or by such lapse of time as constitutes a valid bar in behalf of the debtor.

We speak only of a case where the debt is kept alive by renewals, and new promises made and executed before any bar attached, and have no reference to a case where a debt fully barred is renewed by the husband.

This view of the case renders unnecessary any consideration of the question whether the acknowledgment of the wife, indorsed on the note as an attempt to renew it, was binding on her. Such acknowledgment by her being unnecessary, it is useless to consider its effect.

Affirmed.