## J. S. L. HAMBRICK ET AL. *v.* M. C. JONES, EXECUTRIX.

1. HOMESTEAD EXEMPTION. *Limitation of actions. New promise. Deed of trust.* Where an unmarried man executes a deed of trust on his land to secure a debt due by him and afterward marries and occupies such land as a homestead, and before the bar of the statute of limitation attaches makes a new promise in writing to pay the debt, a new period is thereby given for both the debt and security to run, and such security is paramount to his homestead claim. *Smith* v. *Scherck*, 60 Miss. 491, cited.

2. LIMITATION OF ACTIONS. *Code of 1871. Section 2692, Code of 1880, applied. Case in judgment.* H. gave his note to J., payable January 1, 1876, and secured it by a deed of trust on certain property, real and personal, situated in the County of N., in this State. J. died in October, 1876, in the State of Alabama. On January 25, 1883, H. renewed the note and security to M., executor of J.'s last will and testament, M. having qualified as such in Alabama. On the 4th of February, 1884, M., as executor, filed a bill in this State to foreclose the deed

of trust given to J. H. pleaded the six years' statute of limitations. *Held,* that the provisions of the Code of 1871 apply to this case by virtue of ∂ 2692, Code of 1880, which provides that the periods of limitation of the Code of 1880 "shall not apply to any actions commenced, nor to any cases where the right of action or of entry shall have accrued before the date when it [the code] shall take effect, but the same shall be subject to the laws now in force; but this law may be pleaded where a bar has accrued under the provisions thereof."

3. SAME. *New promise to foreign executor. Section 2162, Code of 1871, applied. Section 2683, Code of 1880, considered.*
And, in the case above stated, it not being shown that the executor has ever taken out letters testamentary in this State, the old note was not barred by limitation when the renewal note was made, by virtue of ∂ 2162, Code of 1871, which provides that "if any person entitled to bring any of the actions hereinbefore mentioned, or liable to any such action, shall die before the expiration of the time herein limited therefor, and if the cause of action does by law survive, such action may be commenced by or against the executor or administrator of the deceased person after the expiration of said time and within one year after the date of letters testamentary or of administration." Section 2683, Code of 1880, does not apply, because J.'s death did not occur within the last year of the period of limitation.

4. CHANCERY PRACTICE. *Fraudulent conveyance. Averment and denial of. Effect of.*
If a bill in chancery avers that a conveyance is fraudulent, the answer denies it, and no evidence is introduced on this issue, it is error for the court to vacate such conveyance.

5. SAME. *Pro confesso, failure to take. Master in chancery, failure to refer to. Supreme court practice.*
This court will not reverse a final decree in favor of a complainant in a case because of his failure to take a decree *pro confesso* against the defendant therein, as he should have done, nor for having failed to cause a reference of the case to a master to ascertain the amount due on the promissory note upon which the decree is based, if such decree be otherwise correct. *Bevill* v. *McIntosh,* 41 Miss. 516; *Freeman* v. *Ledbetter,* 43 Miss. 165; *Walker* v. *Joyner,* 52 Miss. 789, overruled.

APPEAL from the Chancery Court of Noxubee County.

HON. F. A. CRITZ, Chancellor.

In 1874 J. W. Jones, of Mobile, Ala., held a deed of trust on a certain tract of land in Noxubee County, the property of Connor & Robinson, to secure a debt of five thousand seven hundred

64 MISS.—16

and twenty-six dollars due from them to him. By mutual agreement between the parties, Connor & Robinson, in December, 1874, sold the land to J. S. L. Hambrick, who was to pay for the same with the claim which Jones held against the land. On December 18, 1874, Hambrick executed his promissory note to Jones, payable January 1, 1876, for six thousand seven hundred and twenty-six dollars, that being the amount of Jones' claim, with eighteen per cent. interest. This note was secured by a deed of trust from Hambrick to Jones on the land purchased from Connor & Robinson, and also on certain personal property belonging to Hambrick. At the time of the purchase of the land Hambrick was an unmarried man.

On October 31, 1876, J. W. Jones died in Mobile, leaving a will in which Martha C. Jones, his wife, was made executrix. This will was duly probated, and on December 5, 1876, letters testamentary were issued to her by the Probate Court of Mobile County, Alabama. Some time afterward the executrix filed a copy of the will in the Chancery Court of Noxubee County, but the record fails to show the date of the filing. There is nothing in the record in the case to show that Mrs. Jones has ever received letters testamentary in this State.

On January 25, 1883, a settlement was had between Winston Jones, agent of the executrix, Martha C. Jones, and Hambrick, and a balance of six thousand four hundred and fifty-eight dollars and thirty-four cents was found due; thereupon Hambrick executed a renewal note for that amount, payable to M. C. Jones as executrix of the last will of J. W. Jones, deceased. This note was payable January 1, 1884, and recites as follows :

" This note is given in renewal of a note for six thousand seven hundred and twenty-six dollars, dated December 18, 1874, and signed by J. S. L. Hambrick, W. McD. Connor, E. R. Connor, R. M. Pruitt, and W. P. Connor, payable to Joel Walker Jones, and secured by a trust-deed upon certain lands in Noxubee County, Miss., which trust-deed is to remain in force as security for this note, which is in extension and renewal of said former debt." It was signed " J. S. L. Hambrick, W.

McD. Connor." · Before this renewal note was given, Hambrick had married, and at the time of its execution he was living on the land in question.

On July 9, 1883, Hambrick executed to his wife a bill of sale to certain of his personal property, much of which was the same as that included in the deed of trust of December 18, 1874. On July 12, 1883, Hambrick conveyed the lands included in this same deed of trust, and now in controversy, to one F. M. Bell, who, after the institution of this suit, reconveyed it to Hambrick.

On February 4, 1884, Mrs. M. C. Jones, executrix of J. W. Jones', deceased, last will, filed this bill against J. S. L. Hambrick, W. McD. Connor, H. L. Jarnagin, trustee, Mrs. M. C. Hambrick, and F. M. Bell, to enforce the deed of trust of December 18, 1874, on both the land and personalty, to satisfy the note of January 25, 1883, claiming that the deed of trust was renewed by the terms of this note. The bill also prayed that the deeds of conveyance of the land to F. M. Bell and the personalty to the wife of Hambrick be declared fraudulent and void, and that the same be set aside and the property subjected to the payment of the note of January 25, 1883.

Hambrick answered, setting up the six years statute of limitations, and claiming his homestead exemption rights. W. McD. Connor failed to answer and judgment pro confesso was taken against him. Mrs. Hambrick answered denying that the sale of the personal property to her was fraudulent and void. Evidence was introduced showing fraud in the conveyance of the land to Bell, but no evidence was presented which tended to show fraud in the sale of the personal property by Hambrick to his wife.

The Chancellor found that the conveyances to Bell and to the wife of Hambrick were fraudulent and void, set them aside, and ordered a foreclosure of the deed of trust to satisfy the note of January 25, 1883, and disallowed the homestead claim of the defendant, Hambrick. The Chancellor also decreed as follows: " The Chancellor further finds that the matter of account herein is simple and that a reference of this cause to the clerk and master to ascertain and report the amount due on said note is not necessary,

and that the amount due thereon is the sum of eight thousand six hundred and eleven dollars. It is therefore ordered, adjudged, and decreed that the defendants, J. S. L. Hambrick and W. McD. Connor, do pay it."

The trustee in the deed of trust was made a party to the bill and duly served with process, but made no answer. No decree *pro confesso* was ever taken against him. The defendants, J. S. L. Hambrick and wife, appealed.

*Rives & Rives*, for the appellants.

1. Did § 2162, Code 1871, save the note and deed of trust from the bar of the statute of limitations? The evil that section intended to remedy was this: An action though not barred at the death might become so before suit could be brought. The time necessary for an administration might be sufficient to fill out the time that would bar under the statute of limitations. To prevent this § 2162 was enacted. Was it intended to add in all cases of death one year to the period of limitations?

Suppose the holder of a note dies the day after maturity of the note, and letters of administration of his estate are immediately taken out in this State, would the administrator have nearly seven instead of six years within which to sue?

Section 2162 provides that the action may be commenced " after the expiration of said time and within one year after the date of letters." The language is not " one year shall be added to the period required to bar." The statute might have that effect in a case where a claim lacked but a day or so of being barred at the time of the death. In such case there would be good reason for it, but there would be no reason for it when the claim lacked several years of being barred at the time of the death.

Unless the statute in express terms provided for adding one year to the period required to bar, it should not be so construed except in cases where such construction is necessary to remedy the evil against which the statute was aimed.

Such statutes are to be strictly construed. Cases cited in George's Digest, § 101, p. 487.

Will the words " in this State" be in all cases engrafted by the

courts on the latter clause of § 2162? In *Clayton* v. *Merrett* this court did not seem to think so, but intimated very clearly that that suit, having been brought more than twelve months after administration had been granted in Georgia, would have been barred but for certain exceptional facts which the court recites, and then proceeds to say that under *such circumstances* the twelve months' statute will only commence to run after the appointment of the administrator here. *Clayton, Administrator,* v. *Merrett,* 52 Miss. 353.

2. But does § 2162, Code 1871, affect this case at all?

This case is governed by § 2683, Code 1880, which gives one year after the *death* instead of one year after date of letters of administration. The one year expired November 1, 1881, that being one year after the Code of 1880 went into effect. Then the bar had accrued under the provisions of Code of 1880. Code 1880, §§ 2685, 2692; *Gaston* v. *Green,* 56 Miss. 748.

The Chancellor was mistaken in supposing that the old note was not barred at the date of the new one. He did not hold, and it was not claimed in the court below, that the execution of a new note, in which a reference is made to the old deed of trust, had the effect of creating a new deed of trust.

When the remedy on the old debt was barred the right was extinguished. Code 1880, § 2685.

The trust-deed, being but an incident of the debt, was also extinguished.

The new note did not revive the old debt, it constituted a new one; not reviving the old debt, it did not revive its incident, the trust-deed.

3. As to the personal property.

The denials of fraud in the answer of Mrs. Hambrick are as general and specific as the allegations of fraud in the bill. Mrs. Hambrick is not an incumbrancer, but a purchaser for value. No circumstances are shown by which fraud on her part can be inferred.

4. H. L. Jarnagin, the trustee in the trust-deed sought to be enforced, was a necessary party to the suit. *Hill* v. *Boyland,* 40

Miss. 618. He was made a party defendant and duly served with process. He has never answered. No *pro confesso* has ever been taken against him. No disposition of the cause has ever been made as to him. *Bevill* v. *McIntosh*, 41 Miss. 516.

5. This was a suit to enforce a supposed security for the collection of a debt.

The final decree was made without any reference to a master or commissioner to ascertain the amount due.

This was fatal to the decree. *Walker* v. *Joyner*, 52 Miss. 789 ; *Bevill* v. *McIntosh*, 41 Miss. 516 ; *Freeman* v. *Ledbetter*, 43 Miss. 165.

*Evans & Baldwin,* on the same side.

1. The note due January 1, 1876, was barred on January 4, 1882, unless renewed in some way.

Does § 2162 of Code of 1871 serve to avoid the bar of the statute of limitations?

This court has justly held that the exception created by this section is a dangerous exception, and is to be applied strictly to the state of case therein provided for. *Wilson* v. *Sibley*, 54 Miss. 658.

The executrix of Joel Jones could very easily have proceeded in the collection of this debt, simply by filing a copy of her letters testamentary with the certificate provided for by § 2091, Code 1880, and § 1189, Code 1871. It is very true that this court in *Clayton* v. *Merrett*, 52 Miss. 353, held that in that particular case the qualification of the administrator in Georgia did not operate to save the bar, for the very reason that *that administrator could not have availed himself of the provisions of* § 1189. The facts did not permit, and the bill showed those facts ; § 1189 was valueless to him, no provision in it could save him. Our statute had not provided for his state of case, and hence it was held that he was not barred by our statute.

But could it have availed Mrs. M. C. Jones, executrix?

We do not answer. We cannot say. The bill does not inform us. It was not for us to prove it. We set up the statute of limitations, and if this appellee wants the benefit of an exception to it,

she must bring herself within the exception.   The complainant in *Clayton* v. *Merrett* brought himself within the exception in his bill ; this complainant does not.   That is the difference between the two. The general principle is laid down in *Clayton* v. *Merrett, supra,* p. 357, that the qualification of a personal representative within the meaning of § 2126 is a qualification in the jurisdiction of the forum.

The court cites the case of *Gallup* v. *Gallup*, 11 Metc. 445 ; *Hobart* v. *Turnpike Co.*, 15 Conn. 145 ; *Lee* v. *Gause*, 3 (2) Iredell 447, to sustain its position, and they do sustain it.

2. An administrator had, by § 2162, one year after the granting of letters of administration to bring suit for the collection of the debt.   Did this executrix bring suit within one year after letters of administration ?   She tells us by her pleadings that the deceased, Joel W. Jones, died in 1876, and that she qualified as his executrix, but does not give the date nor year.   She tells us further, by her pleadings, that she has filed a copy of her letters testamentary in the Chancery Court of Noxubee County, but does not give the date nor the year.   She tells us, by her proof, that she qualified as executrix in Mobile County, Alabama, on the 5th of December, 1876, and gives us a copy of her letters granted in that State.

But, *when did she qualify in this State?*

When was the copy of her letters filed in Noxubee County ? She tells us that it has been done, and we accept her statement as true. But when was it done ?   We have searched the record in vain to find it.   Was it in 1876 or 1877 or 1878, or when was it ?   If in 1876 or 1877, or any time up to 1883, she was barred because her year had expired.   We answer, you must make out your case.   You are setting up an exception, a dangerous, often an unjust exception, and you must, to get within the exception, *bring* yourself within it.   Presumptions are always strongly against the pleader when the pleading is indefinite or obscure, and we must, in the absence of knowledge or anything to suggest it, presume that this qualification in Noxubee County was in 1877 or 1878 or thereabouts, and that appellee is hence barred by § 2162 of Code of 1871.

3. But this case is not governed by § 2162 of the Code of 1871.

It is governed by § 2683 of the Code of 1880. This code went into effect November 1, 1880, and the estate of Joel W. Jones had, under § 2683 of the Code of 1880, one year in which to collect it by virtue of that statute, but the note not being barred until January 4, 1882, this section was of no practical value. But if that note had expired by limitation November 10, 1880, then the parties would have had occasion to claim the benefit of it, and would not have been barred until November 1, 1881. True it is that § 2692 of the Code of 1880 prescribes to what causes the Code of 1880 shall apply, but by its express terms the provisions of it extend to causes " when a bar has accrued under the provisions thereof."

4. Whether these conveyances were fraudulent or not so as to give the court jurisdiction by virtue of § 1843 *et seq.* does not affect the homestead right of the grantor Hambrick, and that is the claim we are setting up.

It is true that this court has decided that when the wife once joins in a conveyance of the homestead, and waives her veto power, that the husband can thereafter, before the note is barred, renew the note, and keep it and the incumbrance alive, and the joinder of the wife is unnecessary, but this court, fearful lest it be misunderstood, stated that it did not mean to be understood as saying that the husband, after the bar had attached, could alone renew it. *Smith* v. *Scherck*, 60 Miss. 495.

See also Thompson on Homestead and Exemptions, § 470. In the case at bar the wife never signed at all, and yet the husband attempts to fasten an incumbrance upon the homestead without her consent.

The case of *Spencer* v. *Frederhall*, 15 Wis. *669, is illustrative of our point.

*Bogle & Bogle*, for the appellee.

1. The original note was not barred at the time it was renewed, January, 1883. The payee, Jones, having ·died, § 2162, Code of 1871, authorized suit to be brought after the note would otherwise become barred, provided it is brought within one year after administration is had. This refers to administration in the State of

the forum, as was held by this court in *Clayton* v. *Merrett*, 52 Miss. 355.   There has never been any administration on Jones' estate in Mississippi, nor has there been any one authorized to sue on that note in this State after Jones' death and before the renewal.   This case cannot be distinguished from *Clayton* v. *Merrett*.   In that case the Georgia administrator could have sued here by filing copies of his letters and bond as administrator in Georgia, thus complying with our statute authorizing foreign administrators and executors to sue here; and Mrs. Jones could not have sued here on the original note because she had never filed such copies, nor qualified as executrix in this State.   After the death of Jones, and prior to the renewal, there had never been any legal representative of the estate of Jones qualified to sue according to the laws of Mississippi, and the statute did not run.   The renewal of the note, payable to Mrs. Martha C. Jones, executrix, for the first time conferred on her the absolute right to sue here.   In Alabama the statute runs in such cases against the foreign administrator, because he is authorized by the statute of that State to bring suit there without filing copies of his foreign letters. 37 Ala. 522.   In this State, the right of a foreign representative to sue here is not absolute, but depends upon the preliminary requirements of the statute being first complied with.   *Riley* v. *Mosely*, 44 Miss. 37 ; Rorer on Inter-State Law 251.

The principle upon which the statute—§ 2162—rests, is, that it would be unjust to allow the statute to run on a claim when there was no one in being who had a right to sue, or was liable to be. sued, on the claim—the statute applying equally to creditor and debtor, and for the same reason.   It will not be contended that Mrs. Jones as executrix could have been sued here on a claim against the testator's estate, for the manifest reason that she was not the representative of that estate in this State.   If she did not have a right to sue here, in her fiduciary capacity, the statute did not run against the claim, or, rather, § 2162, Code of 1871, permitted the suit to be brought after the bar would otherwise have been complete, if such suit is brought within twelve months after the right to sue becomes absolute.   It is no answer to say that she

could have acquired the right to sue here by filing copies of her letters—that is not a right to sue ; any person could have acquired the right to sue on that claim by applying for and obtaining letters of administration. *Gallup* v. *Gallup,* 11 Metc. 445.

2. In this case the cause of action had accrued before the death of Joel W. Jones, and had run nearly a year, hence the Code of 1880 does not apply. We think *Carothers* v. *Hurley,* 41 Miss. 71, is decisive of this construction unless it is overruled, and we can see no good reason for criticising or departing from it. The courts of Connecticut, Arkansas, Georgia, Illinois, Kentucky, Louisiana, Missouri, and Minnesota have adopted the same construction. *Hull* v. *Minor,* 2 Root 223 ; *Moore* v. *McCudon,* 10 Ark. 512 ; *Calvert* v. *Lowell,* 10 Ark. 147 ; *Central Bank* v. *Solomon,* 20 Ga. 408 ; *Thompson* v. *Alexander,* 11 Ill. 54 ; *Ashbrook* v. *Quarles,* 15 B. M. 20 ; *Whitworth* v. *Furgison,* 18 La. Ann. 602 ; *Deal* v. *Patterson,* 12 La. Ann. 728 ; *Stine* v. *Bennett,* 13 Minn. 153 ; *Paddleford* v. *Dunn,* 14 Mo. 517.

3. The decree setting aside the sale from Hambrick to his wife was clearly right. The deed to Bell is conceded to have been fraudulent, and as the sale bill to Mrs. Hambrick was executed at the same time, or about the same time, it will be presumed that it was inspired by the same motives. *Pope* v. *Pope,* 40 Miss. 616 ; *Lincoln* v. *Claflin,* 7 Wall. 132 ; *Cary* v. *Hotailing,* 1 Hill 311.

CAMPBELL, J., delivered the opinion of the court.

The note was not barred when the new promise was made, and the deed of trust was continued in force by the new promise so as to be paramount to the claim of a homestead. *Smith* v. *Scherck,* 60 Miss. 491.

The note was due January 1, 1876. The payee died in October, 1876, in Alabama, where his will was proved and letters testamentary granted to the appellee, who is not shown to have qualified herself to sue in this State ; therefore, the bar of the statute had not become complete in January, 1883, when the new promise was made, if the Code of 1871 was applicable. *Clayton* v. *Merrett,* 52 Miss. 353.

The Code of 1871 was applicable by virtue of § 2692 of the Code of 1880, as a bar had not accrued under it. This section continued in force existing laws as to rights of action accrued before that time until a bar should accrue under the Code of 1880, so that rights of action accrued under the Code of 1871 were still to be governed by its provisions as to limitation, unless a bar should accrue under the Code of 1880. In this case a bar had not accrued under it. The statute prescribing six years as the time to bar a note, the same in both codes, did not bar the note, because by the Code of 1871, continued in force as to this by the Code of 1880, the person entitled to an action on the note had died before the expiration of the time limited therefor, and the right of action was saved "after the expiration of said time and within one year after the date of letters testamentary." Code of 1871, § 2162.

Section 2683 of the Code of 1880 did not apply, because it is applicable only where the death of the person occurs within the last year of the time limited, and, if it was retroactive so as to govern in case of the death of a person before it took effect, it did not apply in this case, because the death of the party did not occur within the last year of the time for the completion of the bar.

Six years after the maturity of the note expired January 1, 1882, fourteen months after the Code of 1880 became operative, and, if § 2683 of the Code of 1880 be regarded as expressive of the legislative will, that the saving made by § 2162 of the Code of 1871 shall no longer prevail and that six years should bar all claim on a note, except where the death of the person occurred in the sixth year of the time allowed for an action, the commencement of the six years would be November 1, 1880, when the code took effect, because time did not run under it until then. *Brown* v. *Wilcox*, 14 S. & M. 127 ; *Kilcrease* v. *Shelby*, 23 Miss. 161 ; *Waul* v. *Kirkman*, 25 Miss. 609 ; *Buckingham* v. *Riggs*, 27 Miss. 751 ; *Benson* v. *Stewart*, 30 Miss. 49.

The decree enforcing the deed of trust as to the land is therefore correct. But it is erroneous in so far as it vacated the conveyance of personalty made by Hambrick to his wife. The bill avers that this conveyance was fraudulent. The answers deny it, and there is

no evidence on this issue. It is shown that a transaction by Hambrick on July 12, 1883, as to the land was fraudulent, but that does not prove that the sale of personalty to the wife was infected. The two transactions were independent, and there is nothing to show that the answer of the wife, responsive to the bill, is not true, and it must be regarded as true, and if true the sale to her was valid.

But it is said the decree must be reversed, because a formal decree *pro confesso* was not entered as to Jarnagin, the trustee, before final decree, and because the Chancellor computed the amount due by the note, without a reference to a master to compute the sum due and a formal report by him, and cases are cited supporting this view. *Bevill* v. *McIntosh*, 41 Miss. 516; *Freeman* v. *Ledbetter*, 43 Miss. 165; *Walker* v. *Joyner*, 52 Miss. 789.

We are constrained to admit that the citations fully support the contention, but as this is a mere rule of practice, the change of which to meet the demands of common sense can do no harm, we overrule those decisions, and announce that a failure to take a decree *pro confesso*, when the record shows it was proper, and the ascertainment of the sum due on a promissory note without reference to a master, will not cause a reversal of a decree otherwise correct, even where the appellant is the person against whom the *pro confesso* should have been taken. *A fortiori*, is it not ground for reversal where the person is another than the appellant. *Knowles* v. *Summey et al.*, 52 Miss. 377; Code of 1880, § 1440.

*Decree reversed and vacated as to the conveyance to Mrs. Hambrick, and affirmed as to all else, and costs of appeal to be divided.*