Teegarden v. Burton.

---

ISAAC W. TEEGARDEN, ADMINISTRATOR, APPELLEE, V. G. F. S. BURTON, ADMINISTRATOR, ET AL., APPELLANTS.

FILED OCTOBER 1, 1901. No. 10,305.

Commissioner's opinion, Department No. 2.

1. **Limitation of Action in Foreclosure of Mortgage.** In determining the period of limitation on an action to foreclose a real estate mortgage given for the security of a promissory note, section 6 of the Code of Civil Procedure should be construed in connection with section 22 of such code.

2. **Limitation Begins at Date of Last Interest Payment.** Where, after the maturity of a note secured by a real estate mortgage, interest payments are made annually on such note, a right of action accrues on the mortgage at any time within ten years after the date of the last payment on said note.

APPEAL from the district court for Cass county. Heard below before RAMSEY, J. *Affirmed.*

*Beeson & Root,* for appellants.

*Alva L. Timblin, contra.*

OLDHAM, C.

This is an action to foreclose a real estate mortgage executed by defendant's intestate and her husband on four lots situated in the city of Plattsmouth, Nebraska. The mortgage was made and executed for the security of a note due November 15, 1879. Two of the lots included in the mortgage were the homestead of defendant's intestate and her husband. Interest payments were made on the note each year until 1894 and this cause of action was begun in 1897. The heirs at law of defendant's intestate filed an answer setting up the plea of the statute of limitations. There was judgment below for the plaintiff and defendants appeal.

Defendants' contention is that the property mortgaged included the homestead of his intestate; that no payment made by her husband on the note, for the security of which the mortgage was given, would extend the lien of the mortgage beyond the ten years period of limitation which followed the maturity of the note. There is evidence in the record, however, tending to show that at least one payment on the note had been made by defendant's intestate herself less than ten years before the institution of this suit. If it be material to show that payments were made by the knowledge and consent of defendant's intestate to save the bar of the statute, this evidence would be sufficient to sustain the finding of the trial court on that question. The case, however, must finally turn on a construction of section 6 of the Code of Civil Procedure, as applied to mortgages—which is as follows: "Sec. 6. An action for the recovery of the title or possession of lands, tenements or hereditaments, can only be brought within ten years after the cause of such action shall have accrued. This section shall be construed to apply also to mortgages. Provided, however, that there shall be no limitation to the time within which any county, city, town, village or other municipal corporation may begin an action for the recovery of the title or possession of any public road, street,

alley or other public grounds or city or town lots." If the right to prosecute an action on a mortgage is controlled by this section alone then the contention of defendant would be well taken, but in this state a mortgage on real estate is regarded simply as a security for a debt and when the debt is paid the mortgage is satisfied. True, an action for the foreclosure of a mortgage may be maintained in this state after an action on the debt it secures is barred; and the reason for this apparent anomaly is that the condition of the mortgage is for the payment of the debt and not for its bar by the statute of limitations. *Kerr v. Lydecker*, 51 Ohio St., 240, 37 N. E. Rep., 267; *Allen v. Everly*, 24 Ohio St., 97. Under our statute the legal title to the mortgaged premises remains in the mortgagor and no right of action accrues on the mortgage until its conditions are broken. And where, as in the case at bar, it is given for the security of the payment of a promissory note the ten years bar of the statute does not begin to run until a right of action has accrued on the note. It then follows that in determining the question of the limitation on the right of an action on a mortgage given to secure the payment of a promissory note, section 6 of the Code, *supra*, must be construed in connection with section 22, which is as follows: "Sec. 22. In any cause founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same, shall have been made in writing, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise." Under this section of the statute a right of action accrues on a promissory note at any time within the statutory period after the last payment on, or the written acknowledgment of, the obligation. Payments after the maturity of the note, made before the bar, toll the statute, and a new right of action accrues after each payment; and hence an action to foreclose a mortgage is not barred when payments on the note, secured thereby, have been made within ten years of the

45

beginning of the action. *Schifferstein v. Allison*, 123 Ill., 662, 15 N. E. Rep., 275; *Mahon v. Cooley*, 36 Ia., 479; *Smith v. Scherck*, 60 Miss., 491; *Hambrick v. Jones*, 64 Miss., 240, 8 So. Rep., 176; *Merriam v. Goodlett*, 36 Nebr., 384; *Carson v. Cochran*, 53 N. W. Rep. [Minn.], 1130. There is nothing in the conclusions here reached in conflict with the doctrine announced by this court in the case of *Stevenson v. Craig*, 12 Nebr., 464. In that case no payment was made on the note until after the bar of the statute had run against the mortgage, and then the acknowledgment of the indebtedness was made by the husband, without the knowledge or consent of the wife, and the court held, and properly too, we think, that such acknowledgment by the husband would only have the effect of reviving his liability on the note and not the effect of reviving the lien of the mortgage. But in the case at bar the statute had never run against the note when any of the payments were made. Hence this cause does not fall within the rule announced in *Stevenson v. Craig, supra.*

It is therefore recommended that the judgment of the district court be affirmed.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.

SULLIVAN, J., absent, not voting.