Pill v. State.

BERNARD PILL v. STATE OF NEBRASKA.

FILED DECEMBER 5, 1894.    No. 6513.

1. A recognizance for an appeal from a conviction for a misdemeanor before a justice of the peace is invalid, if the court where, and before which, the prisoner is to personally appear is not stated in the recognizance.

2. Questions Not Raised Below: REVIEW. The constitutionality of sections 152, 153, and 154 of the revenue law of 1879 is not decided.

ERROR to the district court for Colfax county. Tried below before SULLIVAN, J.

E. T. Hodsdon and G. R. Doughty, for plaintiff in error, cited: Vierling v. State, 33 Ind., 218; O'Dea v. Washington County, 3 Neb., 122; Casey v. Peebles, 13 Neb., 7; State v. Hurds, 19 Neb., 316; White v. City of Lincoln, 5 Neb., 516; City of Tecumseh v. Phillips, 5 Neb., 305; State v. Lancaster County, 6 Neb., 474; Holmberg v. Hauck, 16 Neb., 337; Ex parte Thomason, 16 Neb., 238; Messenger v. State, 25 Neb., 674; Touzalin v. City of Omaha, 25 Neb., 825.

George H. Hastings, Attorney General, for the state, cited: State v. Awbrey, 8 So. Rep. [La.], 440; Belt v. Spaulding, 20 Pac. Rep. [Ore.], 827; Howard v. State, 30 Tex. App., 680; Pippin v. State, 20 S. W. Rep. [Tex.], 979; McDaniel v. State, 20 S. W. Rep. [Tex.], 1108.

NORVAL, C. J.

On the 23d day of July, 1892, one Bernard Pill was convicted in a justice court of Colfax county for peddling without having first obtained a license so to do, and was sentenced to pay a fine of $50 and the costs of prosecution, and to stand committed until such fine and costs were paid. On the same day, and within the time allowed by statute, for the purpose of appealing from the judgment of con-

viction pronounced against him, he entered into the follow-
ing bond or recognizance:

"The State of Nebraska ⎫ Judgment before M. T.
          v.              ⎬     Bohman, Justice.
Bernard Pill.            ⎭

"Whereas on the 23d day of July, A. D. 1892, the state
of Nebraska obtained a judgment against the said Bernard
Pill on the docket of the said M. T. Bohman, justice of
the peace for Schuyler precinct, for $50 and costs, taxed at
$7.15, and the said Bernard Pill intends to appeal there-
from to the district court of Colfax county: Now, there-
fore, we, Bernard Pill, as principal, and ———, as surety,
do hereby, pursuant to the statutes in such case made and
provided, promise and undertake that the said appellant,
if judgment be adjudged against him on said appeal, will
satisfy said judgment and costs, not exceeding one hundred
dollars; and we do also undertake in such last mentioned
sum that the said appellant will prosecute his appeal to
effect and without unnecessary delay."

                              "Bernard Pill.
                              "E. F. Folda.

"Executed and acknowledged before me and surety
approved the 23d day of July, A. D. 1892.

                              "M. T. Bohman,
                                "Justice of the Peace."

On the 31st day of August, 1892, a transcript of said
judgment and proceedings was filed in the office of the
clerk of the district court of Colfax county. Subsequently,
at the September term, 1892, of said district court, the
plaintiff in error moved the court to be permitted to amend
his recognizance given for an appeal, so as to make the
same conform to the requirements of the statute; which
motion was denied and an exception was taken to the rul-
ing. On the same day the appeal was, on motion of the
county attorney, dismissed. The plaintiff in error excepted,
and prosecutes error to this court.

Section 5951 of the Consolidated Statutes, the same being section 324 of the Criminal Code of this state, prescribes the form for recognizances on appeals in cases of misdemeanors, which section reads as follows:

"Sec. 5951 (324). The defendant shall have the right of appeal from any judgment of a magistrate imposing fine or imprisonment, or both, under this chapter, to the district court of the county, which appeal shall be taken immediately upon the rendition of such judgment. * * * No appeal shall be granted or proceedings stayed unless the appellant shall, within twenty-four hours after the rendition of such judgment, enter into a recognizance to the people of the state of Nebraska in a sum not less than one hundred dollars, and with sureties to be fixed and approved by the magistrate before whom said proceedings were had, conditioned for his appearance at the district court of the county at the next term thereof, to answer the complaint against him. The magistrate from whose judgment the appeal is taken shall make return of the proceedings had before him, and shall certify the complaint and warrant, together with all recognizances, to said district court, on or before the first day of the term thereof next thereafter to be holden in the county, and he may also require the complainant and witnesses to enter into recognizances, with or without security, as he may deem best, to appear at said court at the time last aforesaid, and abide the order of said court, and in case of refusal to enter into such recognizance he may enforce the same by imprisonment, if necessary."

The recognizance in the case in hand conforms to the requirements of section 1007 of the Code of Civil Procedure, relating to undertakings for appeals in civil cases from justice courts, but the condition in said recognizance does not comply with the statute above quoted governing the taking of appeals from convictions before magistrates, in that it fails to bind, or require, the plaintiff in error to appear before the district court of Colfax county at the

next term thereof held after his sentence, to answer the offense charged in the complaint under which he was tried. The statute expressly prescribed that recognizances on appeals in cases of misdemeanor shall be "conditioned for his [defendant's] appearance at the district court of the county at the next term thereof to answer the complaint against him." It is not sufficient that a recognizance be conditioned in the terms provided by law for an appeal undertaking in civil cases. The recognizance in the case under review recites that said "Bernard Pill intends to appeal therefrom to the district court of Colfax county," but it omits to bind him to appear before said court at the first succeeding term thereof subsequent to the execution of said bail bond, or at any other time, or to appear before any court whatever. The court to which the prisoner shall appear must be expressed in the bail bond, or derivable from its words, otherwise the recognizance is fatally defective and will confer no jurisdiction upon the district court. This doctrine is laid down by numerous authorities. (1 Bishop, Criminal Procedure, sec. 264b; 2 Am. & Eng. Ency. Law, 17, 19; *Williamson v. State*, 12 Tex. App., 169; *Barnes v. State*, 36 Tex., 332; *Howard v. State*, 30 Tex. App., 680; *Sherman v. State*, 4 Kan., 570; *State v. Awbrey*, 8 So. Rep., [La.], 440; *State v. Allen*, 33 Ala., 422; *Pippin v. State*, 20 S. W. Rep. [Tex.], 979; *Spencer v. State*, 24 S. W. Rep. [Tex.], 27; *Harris v. State*, 24 S. W. Rep. [Tex.], 103, 290; *Crise v. State*, 25 S. W. Rep. [Tex.], 285; *Forbes v. State*, 25 S. W. Rep. [Tex.], 1072; *Barela v. State*, 26 S. W. Rep. [Tex.], 397.) The only authority cited by plaintiff in error holding a contrary rule is *Vierling v. State*, 33 Ind., 218. This case is in conflict with the great weight of the adjudicated cases, is unsound, and we cannot follow its lead. We do not claim that it is essential to the validity of a recognizance that the same shall be conditioned in the exact words of the statute; but a substantial compliance with section 324 of the Criminal Code will be sufficient.

That the court at which the prisoner is required personally to appear must be stated in the recognizance there is no room to doubt.   This requirement of the statute is not directory merely, but is mandatory.   Manifestly this is the effect of section 388 of the Criminal Code, which declares that "No action brought on any recognizance shall be barred or defeated, nor shall judgment thereon be reversed by reason of any neglect or omission to note or record the default, nor by reason of any defect in the form of the recognizance, if it sufficiently appear from the tenor thereof at what court the party or witness was bound to appear, and that the court or officer before whom it was taken was authorized by law to require and take such recognizance." The foregoing provision was construed by this court in *Shupe v. State*, 40 Neb., 524, where it was held that a recognizance is not invalidated by reason of defects in the form thereof, if it appears from the recognizance at what court the party was required to appear, and that the court or officer before whom it was taken had the power to require and approve such recognizance.   The irresistible conclusion, deducible from the decision just mentioned and the statute upon which it is founded, is that it is indispensable to the validity of a bail bond that the trial court where and before which the prisoner is bound to appear must be designated, or stated, in such bond.   It follows that the recognizance before us is fatally defective, and that the court below did not err in refusing to allow the same to be amended. It being void, there was nothing to amend.   The appeal was properly dismissed.

It is finally insisted that the law under which the plaintiff in error was convicted is obnoxious to section 11 of article 3 of the state constitution.   The prosecution was brought under sections 152, 153, and 154 of the revenue law of 1879, the same being entitled "An act to provide a system of revenue."   It is claimed that the sections referred to are not embraced in the title of the act.   We

must decline to consider the constitutionality of these sections at this time, since no such question was presented to or decided by, the court below. If the plaintiff desired to raise the validity of the law under which the conviction was had, he should have prosecuted error to the district court, and distinctly raised therein the constitutionality of the statute. By reason of the defect in the recognizance alluded to above the district court did not acquire jurisdiction of the case. It therefore had no authority to decide the point now attempted to be raised, nor has this court jurisdiction to do so. The judgment is

AFFIRMED.