STATE, EX REL. KENNETH W. MCDONALD ET AL., APPELLEES, v. WILLIAM I. DYSON, APPELLANT.

FILED JUNE 6, 1921. No. 21881.

1. **Sheriffs: REMOVAL: PROOF.** In an action brought for the removal of a sheriff under the provisions of section 50, ch. 187, Laws 1917, for failure to do his duty in the enforcement of the provisions of said law, satisfactory evidence that the respondent himself gave away or sold intoxicating liquor is sufficient to sustain an allegation in a complaint charging that the respondent permitted intoxicating liquors to be given away in his presence and with his knowledge.

2. **Appeal: SHERIFFS: REMOVAL: PLEADING.** An action under the provisions of section 50, ch. 187, Laws 1917, for the removal of a

sheriff for failure to do his duty in the enforcement of said act, is a civil proceeding, and the respondent is required to file an answer to the petition or complaint as in any other civil action. If the respondent fails to file an answer questioning the constitutionality of said act, or fails to tender that issue by demurrer, motion, or objection to the offer of testimony in the trial court before judgment, and said cause is tried in the lower court upon the theory that respondent filed a general denial, or entered a plea of not guilty, this court will not consider the question of the constitutionality of said act if presented on appeal.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*R. J. Greene* and *H. C. Wilson*, for appellant.

*Clarence A. Davis, Attorney General, C. L. Dort* and *K. W. McDonald, contra.*

Heard before MORRISSEY, C.J., FLANSBURG and ROSE, JJ., BEGLEY and LESLIE, District Judges.

LESLIE, District Judge.

This is an action brought in Morrill county, by the State, ex rel. Kenneth W. McDonald, County Attorney, and Clarence A. Davis, Attorney General, Relators, against William I. Dyson, Sheriff, under the provisions of chapter 187, Laws 1917.

A petition was filed in the district court on the 14th day of December, 1920, which broadly charges the respondent with failing and refusing to enforce the laws of the state of Nebraska generally, and with wilfully neglecting, failing and refusing to perform his duty as sheriff in the enforcement of the provisions of chapter 187, Laws 1917, and of habitual drunkenness, and wilful neglect of duty in failing to faithfully perform numerous other duties devolving upon him as sheriff during his term of office.

A special appearance was filed by the respondent, which was overruled by the court, and, following this, a motion was filed by the respondent to require the relators to make their petition more definite, which was overruled. No

answer was filed by the respondent, but the case appears to have been tried upon the theory that the respondent filed a general denial. At the conclusion of the evidence and argument of counsel the court found that the allegations of relators' petition relative to respondent giving away and receiving intoxicating liquors were sustained by the evidence, but that the allegations charging respondent with selling liquors were not sustained by the evidence. The court entered a judgment finding the respondent guilty of giving away and receiving intoxicating liquors contrary to law and ousting him from office as sheriff of Morrill county. From this judgment and order overruling respondent's motion for a new trial the respondent has appealed to this court. Numerous assignments of errors are relied upon by respondent for reversal, but we do not deem it necessary to give consideration to all of them.

No issue as to the constitutionality of the section of chapter 187, Laws 1917, under which this action is brought, was tendered by the pleadings in the court below. The respondent filed no answer, nor did he demur to the petition, nor move to quash the same, nor object to the introduction of testimony upon the ground that section 50 of said act was unconstitutional. This is a civil action, and the respondent for the first time raised the question of the constitutionality of this law in his motion for a new trial. The case was tried upon the theory that the defendant had filed a general denial to the petition. We must decline to consider the question of constitutionality at this time, since it was not tendered as an issue at the trial of the case in the court below. If the respondent desired to raise that question he should have demurred to the petition, or tendered it as an issue in his answer, or moved to quash or dismiss the petition, or objected to the introduction of testimony upon the ground that the section of the law under which said action was commenced was unconstitutional. Not having done any of these, and the cause having been tried upon the theory that the law

was constitutional, this court should not now consider that question.

The important question for consideration is whether the evidence is sufficient to sustain the judgment of the trial court.

Paragraph 5-A charges that the respondent within the present term of his office failed and refused to do his duty in the enforcement of the provisions of chapter 187, in that he permitted intoxicating liquors to be given away and disposed of with his knowledge, and permitted it to be transported and kept in places other than dwelling houses or residences.

Paragraph 5-B charges that the respondent on or about the month of June, 1919, sold liquors to a person, or persons, in Morrill county, contrary to the provisions of chapter 187.

The trial court found that the allegations in the petition charging the respondent with selling intoxicating liquors were not sustained by the evidence, but further found that the allegations relative to respondent giving away and receiving intoxicating liquors to and from different persons were sustained by the evidence. A perusal of the petition discloses that it charges respondent with selling it himself, and permitting it to be given away. The respondent's contention is that, the court having found there was no evidence to sustain the charge that the respondents sold intoxicating liquors, the evidence will not sustain the finding that he gave it away, for the reason, as respondent contends, that it is not charged in the petition that he gave it away. The only direct evidence with reference to disposition of intoxicating liquors by the respondent is found in the testimony of the witness Dugger, who testified to having seen the respondent deliver a bottle of whiskey to one Wiles and received a check back from him in June, 1919. The testimony of Dugger is as follows: "Q. Do you know William I. Dyson? A. Yes, sir. Q. How long have you known him? A. Ever since I can remember. Q. Do you know him

since June 9, 1919? A. Yes, sir. · Q. Whereabouts did you see him? A. In town here. Q. Did you ever see him up here at the stock-yards? A. Yes, sir. Q. Any one else present? A. Yes, sir; R. L. Wiles. Q. That is Rich Wiles? A. Yes, sir. Q. Did you see any transaction between him and Mr. Dyson there at the stock-yards? A. Yes; I saw Mr. Dyson give Wiles a quart of whiskey. Q. That was in June, 1919? A. Yes, sir. Q. Did you see these same parties in the month of July of that year? A. Yes, sir. Q. Where? A. Out there south of Wiles' place. Q. Any transaction occur there? A. I saw Bill Dyson sell—I guess he sold it—Wiles gave Bill a check for a gallon of whiskey. Q. That was all in Morrill county? A. Yes, sir."

The respondent's counsel appears to argue that, since the trial court found that the evidence did not sustain the charge that the respondent sold liquors, there is no evidence under the allegations of the petition to support the finding that the respondent gave it away; in other words, since he had been charged, first, with having sold it, and, second, with permitting others to give it away, the court could not find him guilty of giving it away under the allegations of the petition charging that he sold it. We cannot agree with counsel in this. If the evidence satisfied the trial court that the respondent gave the intoxicating liquor to Wiles in June, 1919, but did not satisfy him that Wiles paid for it, then the court could properly find the respondent guilty of giving away intoxicating liquors under the charge in the petition that he sold it, since giving away and selling intoxicating liquors are the same offense under this law. The allegations of the petition are very general, and the trial court may have erred in not sustaining the respondent's motion to require the relators to make their charges more specific. However, it does not appear from the record, or brief of respondent, that the substantial rights of the respondent were affected by reason of the trial court's failure to require the petition to be made more specific, and this error was,

therefore, without prejudice.

The evidence is conflicting and some has been received that relates to no issue in the case. The trial was had, however, to the court, and the judge thereof is presumed not to have considered evidence that was incompetent.

The section of the law under which this proceeding was instituted is broad in its scope and purpose. It provides that, if a sheriff fails to do his duty, neglects to do his duty, or refuses to do his duty in the enforcement of this law, he may be removed from office. Evidently the legislature intended that, if the law was being violated and the sheriff was failing habitually to do his duty because of incompetency, inefficiency, or unwillingness to aid in its enforcement, there should be a direct method provided by law for his summary removal.

That the provision which denies the respondent the right to supersede the judgment may, in some instances, work an injustice is conceivable. This law is the creation of the legislature, however, and must be construed according to its obvious meaning, regardless of any contingency which the court may think the legislature should have provided against.

As we view it, the evidence not only sustains the findings and judgment of the trial court, but justifies us in finding, further, that the respondent had wilfully failed, neglected and refused to do his duty in the enforcement of the liquor laws during the present term of his office.

There being no reversible error, the judgment of the district court is

AFFIRMED.