STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, APPELLANT, V. LOUIS KNUDTSEN, APPELLEE.

FILED MAY 22, 1931. No. 27530.

*C. A. Sorensen, Attorney General,* and *Peterson & De-Voe,* for appellant.

*Mullen & Morrissey* and *P. F. O'Gara, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an action brought by the state of Nebraska, on the relation of the attorney general, against the defendant, to enjoin the latter from obstructing and preventing the agents of the state from applying the tuberculin test to defendant's breeding cattle and otherwise carrying out the provisions of chapter 12, Laws 1927.

As a much abbreviated outline of the proceedings presented for review, it may be said that the petition of the attorney general sets forth: "That between November 1, 1926, and April 6, 1927, 1430 residents of Cedar county, Nebraska, representing more than 60 per cent. of the owners of the breeding cattle of said county, who were owners of 21,989 breeding cattle, which represented more than 51 per cent. of all the breeding cattle within said county, as shown by the report of the county assessor of said county for 1926, signed and presented to the department of agriculture of the state of Nebraska, in pursuance of and conformity with the provisions of section 1, chapter 7 of the Laws of Nebraska for 1925, petitions requesting that the county area plan for eradication of bovine tuberculosis be established for said county, and that all herds of

breeding cattle .within said county be examined and tested for tuberculosis," and thereafter to be dealt with as provided by that act.

This pleading also included a detailed recital of all the steps taken pursuant to the petitions thus filed by the cattle owners of Cedar county, first referred to, including hearings had, notices given, judgments and orders made and entered, which as to notices, judgments and orders are set forth verbatim, all with such completeness and certainty that it may safely be said that, if supported by evidence, disclose a full and complete and proper compliance with the terms of the controlling legislation.

And this in turn, it is alleged, supports and justifies the determination and final order made and entered by the Nebraska department of agriculture on the 30th day of July, 1927, that Cedar county, Nebraska, be, and it is hereby declared, an area for inspection, examination and testing of cattle for tuberculosis, under the provisions of chapter 12, Laws 1927, and the subsequent entry of an order by the department of agriculture of Nebraska fixing a time for the commencement of testing cattle in Cedar county, and giving due notice thereof as provided in said act. In addition to setting forth and alleging full and complete performance of the provisions of the governing legislation, the petition also sets forth the several acts of the defendant refusing compliance with the law and interfering and obstructing its enforcement, and closes with a prayer for appropriate injunctive relief.

The main issues tendered by the pleadings, entitled "Answer" and "Cross-Bill and Answer," of the defendant, and arising during the trial below, as asserted by defendant and discussed in his brief, may be epitomized as follows: (1) That injunction was not available to plaintiff because the acts sought to be enjoined were by the provisions of section 13, art. 8, ch. 12, Laws 1927, made punishable by fine, or by imprisonment, or both, and therefore a plain adequate remedy was afforded to plaintiff; (2)

that chapter 7, Laws 1925, as well as chapter 12, Laws 1927, under which the Nebraska department of agriculture assumed to act, were never in force in Cedar county; (3) that chapter 7, Laws 1925, and chapter 12, Laws 1927, were each unconstitutional and void, in that each violated section 14, art. III of the Constitution of Nebraska; (4) that these acts were also void as involving a delegation of legislative power; (5) that the plaintiff and all officers and employees of the state have no power, right or authority to administer the tuberculin test in Cedar county, and the attempt so to do is, and was, to unlawfully deprive the defendant of his property without due process of law in violation of the Constitution of the state of Nebraska and the Constitution of the United States.

The defendant, at the conclusion of his pleading, prays that plaintiff's action may be dismissed, and that injunction may be issued for his protection.

To this pleading a reply in the nature of a general denial was filed by the state. There was a trial on the merits in the district court, evidence was received, and judgment entered, wherein that court "finds that the evidence is insufficient to warrant the relief prayed for in the petition," and also "finds generally for the defendant and against the plaintiff," and dismisses the plaintiff's petition, taxing costs to the petitioner.

The trial court in effect denied the defendant's prayer for an injunction. The plaintiff prosecutes appeal, but no cross-appeal is presented on the part of the defendant.

A careful reading of the bill of exceptions discloses that with one possible exception in all respects the evidence as introduced sustains the contentions of the state. Indeed the only real controversy of fact presented by it is in connection with the attack by the defendant on the sufficiency of the initial petitions first filed with the department of agriculture, praying to have Cedar county constituted a county area for inspection. On the issue of the sufficiency of the petitions certain evidence was received over objec-

tions on part of the state, which challenged the sufficiency of the same and the truth of some of the statements therein contained, and also of the finding and order of the secretary of agriculture made thereon.

It must be conceded, however, that these initial petitions "were fair and regular on their face;" that, after their reception in the Nebraska department of agriculture, notice was given of the proposed hearing to be had thereon; that objections were filed thereto and a certain hearing had, at which it was determined, upon consideration of the evidence and pursuant to the terms of the act of 1925, that the petitions then on file therein were and are signed by 60 per cent. of the owners representing more than 51 per cent. of the breeding cattle of Cedar county, as disclosed by the last assessment rolls of said county; that the petitioners were residents of Cedar county. This order was, it appears, if erroneous, subject to review in appropriate appellate proceedings.

But the challenges to the validity of this proceeding, as now made by the defendant, are not in the nature of a review, but are essentially a collateral attack on the determination thus made by the secretary of agriculture after the giving of the notice provided by statute, the reception of evidence, and due hearing thereon.

This court is committed to the doctrine that: "The power to hear and determine a matter in controversy is jurisdiction. It is *coram judice,* whenever a case is presented which brings the power into action. It may be exercised according to the rules of the common law, or by special direction, or informally." *Smiley v. Sampson,* 1 Neb. 56. Further, the action of a special tribunal created by statute, to ascertain and declare the existence or nonexistence of certain facts, is judicial in its nature, and the determination thereof constitutes a final order which cannot be collaterally impeached. *State v. Nelson,* 21 Neb. 572; *State v. Houston,* 94 Neb. 445; *State v. Morehead,* 101 Neb. 37; *State v. Stevens,* 78 N. H. 268; 34 C. J. 519,

878. The only conclusion consistent with the pronouncements just referred to is that, if the secretary of agriculture erred in the instant proceeding in determining from evidence adduced that the petitions before him, fair and regular in form, were sufficient to authorize him to create Cedar county an accredited area for testing cattle, it was an error subject to review, if at all, by a direct proceeding; that his action and order thus made are not subject to collateral attack (*Peverill v. Board of Supervisors,* 208 Ia. 94) ; and that the district court in this proceeding erred in receiving evidence challenging the correctness of the determination thus made by the secretary of agriculture.

Notwithstanding the able argument presented by counsel that injunction is not a remedy available to the state in the present class of cases, we are all of the opinion that this contention is foreclosed in this jurisdiction by the previous pronouncements of this tribunal. *State v. Heldt,* 115 Neb. 435; *State v. Wallace,* 117 Neb. 588; *State v. Splittgerber,* 119 Neb. 436. In addition, section 14, art. 8, ch. 12, Laws 1927, in express terms, confers the power upon the district courts of this state, "by injunction, to compel the observation of, and by that remedy enforce the provisions of this act." It would seem that this legislation removes the subject-matter from the domain of discussion.

As to the challenge to the validity of chapter 7, Laws 1925, and chapter 12, Laws 1927, we have carefully reexamined, reapproved, and now reiterate our previous decisions which sustain the statutes referred to as being neither enacted in a manner contravening section 14, art. III of the state Constitution, nor being in fact an unconstitutional delegation of legislative power. *State v. Heldt,* 115 Neb. 435; *State v. Wallace,* 117 Neb. 588; *State v. Splittgerber,* 119 Neb. 436.

In reference to the contentions made in the briefs and at the bar on behalf of the defendant, as to the laws under consideration being violative of certain provisions

of the federal Constitution, while it may be said that this court has in the three cases last cited determined these questions adversely to the position of the defendant, still this court is committed to the view that the constitutionality of a law will not be determined on review in any case where that question was not presented in the court below. *Pill v. State,* 43 Neb. 23; *Clearwater Bank v. Kurkonski,* 45 Neb. 1; *Farmers State Bank v. Nelson,* 116 Neb. 541; *McBride v. Taylor,* 117 Neb. 381.

Conceding that the constitutionality of a statute may be raised by answer, by reply, or by objections to the introduction of evidence, yet under the rule requiring the invalidity to be distinctly pointed out, the question is not raised by a plea of the general issue. In the present case, so far as disclosed by the record, the defendant's challenge in the trial court to the validity of certain statutes involved in this case was confined to his "answer" and "cross-bill and answer."

A statute will not be declared void unless its invalidity is distinctly and clearly shown, and therefore one who alleges a statute to be unconstitutional must point out the specific constitutional provision that is violated by it. As we read the defendant's "answer" and "cross-bill and answer," construing the same as an entirety, illegal action by officials in the administration of chapter 12, Laws 1927, is charged, predicated on two grounds, only: (1) Failure to comply with the initial requirements of the act itself; (2) violation in its enactment of certain requirements of the state Constitution.

This intended action by officials, in view of the alleged invalidity of chapter 12, Laws 1927, for the reasons thus stated, if true, being thus without power, right and authority, would therefore, it may be conceded for the purpose of this opinion, result in the defendant being deprived of his property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States. But this conclusion, as by the terms of the

pleadings of the defendant set forth, is wholly dependent and conditional on the invalidity of the act involved, when tested by the state Constitution. This court has now determined that the initial requirements of chapter 12, Laws 1927, so far as relates to Cedar county, have been complied with, and that the act itself is not invalid nor vulnerable to objections based upon the provisions of the state Constitution.

Defendant has wholly failed to allege that chapter 12, Laws 1927, is, in fact and in truth, repugnant to the requirements of the Fourteenth Amendment to the federal Constitution, or that powers conferred in terms thereby and exercisable thereunder in compliance with its stated directions and limitations would operate to deprive defendant of his property without due process of law. The record, therefore, does not disclose that the question of the repugnancy of the legislation controlling in this case was presented to the trial court in relation to the claim that the same was in violation of the Fourteenth Amendment to the Constitution of the United States. Not having been presented to the trial court, the question involved may not be properly determined by this tribunal on appeal, and is not herein decided.

In view of the record as an entirety, we are of the opinion that the trial court erred in finding generally against the plaintiff and for the defendant, and in its order dismissing plaintiff's petition.

The judgment of the district court is, therefore, reversed, and a decree hereby directed to be entered in the cause in this court finding the allegations of plaintiff's petition to be true, and enjoining the defendant as prayed for in plaintiff's petition.

REVERSED, AND DECREE ENTERED.