ALBERT A. LORIMER ET AL. V. STATE OF NEBRASKA.

FILED NOVEMBER 9, 1934.  No. 29198..

*Carrico & Carrico,* for plaintiffs in error.

*Paul F. Good, Attorney General.* and *Paul P. Chaney,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and REDICK, District Judge.

GOSS, C. J.

Defendants were convicted on count three of an information charging the possession of liquor manufactured by them for the purposes of sale.

The evidence shows that the sheriff, the chief of police

of McCook and a deputy sheriff, armed with a search warrant, on November 8, 1933, found in a room under the dominion of both defendants a twelve-gallon jar or crock nearly full of liquid. They found near it a piece of rubber hose (spoken of as a siphon), a pitcher and a round quart bottle containing some of a similar liquid. They seized the articles, put portions of the liquid in other containers and had their contents analyzed by a chemist, who testified that the liquid from a jug tested 6.4 per cent. of alcohol by weight and that from the jar tested 8.4 per cent. by weight. He stated that the alcoholic content by volume would be greater than that by weight. On cross-examination he testified that the liquid was commonly called wine, that it looked like fruit pulp, and that such fruit juices could be made into vinegar.

Adolph Onerem, a witness for the state, testified that about 3 o'clock in the morning of November 7, 1933, he went to the place occupied by defendants for the purpose of buying a drink and there dealt with defendant McCullough. She said she had some wine. He was served in the dining-room. She left a moment and returned with a round quart bottle of red liquid, "the same as any grape wine;" he drank it and paid her a dollar for it.

Defendant McCullough, who owns and operates a rooming house called the Travelers Hotel, testified that she had put in the jar some juices left from canning of apples and grapes. At first she put the jar in the kitchen, but it was too warm. After a week or so she put it in defendant Lorimer's room, where it was cooler. She had the pitcher there and used it only to stir the liquid up once in awhile. The siphon was used "to siphon gasoline, or anything you want to siphon." She had never used it to siphon the contents of the jar. It was supposed to be in another room than Lorimer's. She was making vinegar of the fruit juices. She testified that Onerem was there on the morning of the 8th, not the 7th, was drunk and asked the rest to drink out of a bottle he had in his pocket, supposed to contain alcohol. He had two bottles and stayed about

half an hour. She did not sell him any wine or liquor.

Betty Foster, who works for Mrs. McCullough, testified that the witness Onerem was intoxicated, that he pulled out a bottle he said contained alcohol and offered her a drink, which she refused; that she assigned him to a room; he created such a disturbance by rapping on doors up and down the hall that witness called the police, whereupon Onerem said to Mrs. McCullough he was going to tell the officers she had sold him liquor. The witness assisted Mrs. McCullough in canning from which the fruit juices resulted.

The evidence produced conflicts of fact which were peculiarly in the province of the jury to determine. Their finding will not be disturbed unless clearly wrong. *Lee v. State,* 124 Neb. 165.

Defendant Lorimer filed a motion to quash the information on the ground that it did not allege facts sufficient to constitute an offense. This was overruled. Here both defendants assign error in overruling the motion. The assignment is, of course, not good as to defendant McCullough. The point now sought to be made is that the statute, under which the information was laid (Comp. St. 1929, sec. 53-116), denounces the possession of intoxicating liquor manufactured for the purpose of sale, whereas the information charges the possession of liquor "manufactured or distilled" for the purpose of sale. The motion to quash did not direct the attention of the trial court to the precise point now presented, namely, that the information is uncertain or ambiguous. Not having been presented below, it cannot be available here. Further, the words "or distilled" are surplusage. 31 C. J. 747. Moreover, there is no indication that defendant Lorimer was in any way prejudiced by the inclusion of these words.

Error is assigned on a part of one instruction given by the court to the jury in which they were instructed that "A material element of the offense charged in count three of the information in this case is the possession of the intoxicating liquor manufactured by the defendants for the

purpose of sale." It is argued that this told the jury the liquor was manufactured by defendants and that the possession was the only material element for them to consider. Defendants say that it would have allowed no wrong inference by the jury had the court used this instruction, omitting the words "by the defendants." That would have been erroneous. The information charged the possession of liquor manufactured by the defendants for the purposes of sale. While the form of the instruction might have been better devised, we do not think the words used indicate that any other meaning can be derived from the instruction except that the court meant to tell the jury that the "material element" he was discussing had these three points in it: (1) Possession of intoxicating liquor, (2) manufactured by the defendants, (3) for the purposes of sale. So, if it had not been proved to be in their possession, or had been manufactured by others, or was not for purposes of sale, the jury were instructed to acquit. In plainer words, he told them in another instruction that they must find from the evidence beyond a reasonable doubt the exact three points above numbered by us before they could find defendants guilty. We think no substantial miscarriage of justice has actually occurred by reason of this instruction. We are authorized specifically by statute to refuse to reverse the judgment in such circumstances. Comp. St. 1929, sec. 29-2308.

Error is asserted because defendant Lorimer was not permitted to testify to the reputation of the state's witness, Onerem, in the community in which he resides. His reputation for what was not disclosed in the questions and objections to answers were all sustained as incompetent. Without reciting the lack of knowledge on the subject, suffice it to say that it showed very little. Moreover, whether a legal foundation is laid for the reception of such evidence is largely in the discretion of the trial judge. 17 C. J. 242, 243; *Hill v. State,* 116 Neb. 73. It was not erroneous to exclude this testimony.

On the motion for new trial affidavits of defendant

Lorimer and A. C. Hockman were introduced attempting to impeach the qualifications of Harry Elms, who was one of the jurors, by reason of alleged statements by him that his mind was made up before he went on the jury. The court took the evidence of the signers of the affidavits, of juror Harry Elms and of another, and concluded there was no ground for a new trial. We think his discretion was wisely exercised.

Other errors are assigned. We have examined them and conclude they do not call for a reversal nor for a discussion.

The judgment of the district court is

AFFIRMED.