WALTER HOWARTH, APPELLEE, V. NICHOLAS M. BECKER ET AL., APPELLANTS.

FILED MARCH 22, 1935. No. 29207.

*Waring & Waring*, for appellants.

*Edward J. Kubat, contra.*

*J. W. Kinsinger, Perry W. Morton* and *Frank D. Williams, amici curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This action was commenced to foreclose a real estate mortgage on 80 acres of land in Fillmore county. The district court found the amount due on the first mortgage to be $6,352.50 and the amount due on the second mortgage to be $2,928.05. The·decree of foreclosure was entered on February 7, 1933. Nicholas M. Becker, appellant and mortgagor, requested and obtained a nine-months' stay of the proceeding by statutory right. After the expiration of the stay, the mortgaged land was sold under an order of sale. Before a confirmation of the sale was had, Nicholas M. Becker, the owner and mortgagor of the land, applied for a moratorium staying further judicial proceedings until March 1, 1935, under the Nebraska moratory act. Comp. St. Supp. 1933, sec. 20-21,159. Under this act, mortgagors were permitted, by judicial order, to retain possession of the mortgaged premises until March 1, 1935, on condition of paying rent and complying with other terms imposed by the trial court. From an order denying the application, the appellants bring this appeal.

The appellee contends that the trial court rightfully denied the application for two reasons, first, that the moratory act, section 20-21,159, Comp. St. Supp. 1933, is unconstitutional, and, second, that the mortgage indebtedness far exceeded the value of the land, and that, under such circumstances, the trial court, under the very terms of the act, was not required to grant the application.

We have carefully examined the record in this case and we fail to find that the unconstitutionality of section 20-21,159, Comp. St. Supp. 1933, was pleaded or presented to the trial court for determination. This court has consistently held that in order for this court to consider the question of the constitutionality of a statute, it must first

be raised and placed in issue in the trial court. *First Trust Co. v. Glendale Realty Co.,* 125 Neb. 283; *Bell v. Niemann,* 127 Neb. 762. We therefore hold that the question whether the Nebraska moratory act violates the Nebraska Constitution is not determinable in this court on this appeal for the reason that it was not presented to the district court in this case.

The next question is whether the trial court erred in denying the application under the facts in this case. Under the moratory law the court is required to grant the stay therein provided for, "unless upon hearing on said application, good cause is shown to the contrary." Was good cause to the contrary shown? We think not. The holder of the second mortgage joined with the owner of the mortgaged lands in the application for the stay of proceedings. The only litigant resisting the application was the holder of the first mortgage, and he offered no evidence whatever to sustain his contention. The appellant, as mortgagor, had an absolute right to the stay of proceedings under the provisions of the statute, unless good cause was shown to the contrary. The burden of proof was upon the appellee to show that the cause was within the exception contained in the moratory act. This he did not do. The appellee failed to produce evidence that the land in question was of less value than the amount of his decree, or of any other fact or facts tending to bring the case within the exception, "unless upon hearing on said application, good cause is shown to the contrary." The appellant, Nicholas M. Becker, testified that he was willing and able to comply with the requirements of the statute as to the payment of rent, income or profits. Under such circumstances and the provisions of the statute, his right to the stay of proceedings was established and the trial court, under the record as it then was, should have granted the stay. The trial court erred in the case at bar in refusing to grant the relief prayed for in appellants' application and the judgment is hereby reversed and the cause remanded.

REVERSED.