EMMA DICKINSON WEEKES, APPELLEE, V. RALPH RUMBAUGH, APPELLANT.

12 N. W. 2d 636

FILED JANUARY 7, 1944. No. 31631.

*A. F. Alder* and *Munn & Norman,* for appellant.

*Julius D. Cronin* and *B. A. Rose, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, CHAPPELL and WENKE, JJ., and POLK and NUSS, District Judges.

NUSS, District Judge.

This action was commenced by appellee on April 11, 1942, to foreclose a mortgage executed and delivered on November 12, 1926, and filed on November 23, 1926. By its terms the mortgage was due on November 3, 1929, but interest had been paid thereon November 24, 1933, to November 3, 1933. The original mortgage was never refiled nor was a copy thereof ever filed. On May 15, 1940, the defendant, appellant here, bought the land in question for value. Since more than ten years elapsed after the maturity of the mortgage debt before the action was brought the defendant claimed the action was barred by the statute of limitations, specifically section 20-202, Comp. St. 1929. The trial court ruled against defendant and he appealed.

The mortgage was by its terms due on November 3, 1929. It was therefore barred on November 3, 1939, and the defendant below acquired good title, relieved of the lien of the mortgage, by his purchase for value on May 15, 1940, unless the period of limitation was postponed, extended or tolled by the payment of interest on November 24, 1933. The defendant claims that the amendment of 1925 (Laws 1925, ch. 64) to section 6 of the Code of Civil Procedure, section 20-202, Comp. St. 1929, did so bar the mortgage and the lien and that he acquired a title therefor free and relieved of the said lien.

The plaintiff on the other hand contends that under the decision of this court in *Steeves v. Nispel,* 132 Neb. 597, 273 N. W. 50, the amendment of 1925 was invalidated or circumscribed so that the payment of interest tolled the ten-year period. There is no allegation that the amendment of 1925 was or is unconstitutional, nor is it claimed that the *Nispel* case so held. The amendment is therefore presumed to be

constitutional. "The basic principle which underlies the entire field of legal concepts pertaining to the validity of legislation is that by enactment of legislation, a constitutional measure is presumed to be created. In every case where a question is raised as to the constitutionality of an act, the court employs this doctrine in scrutinizing the terms of the law. In a great volume of cases the courts have enunciated the fundamental rule that there is a presumption in favor of the constitutionality of a legislative enactment." 11 Am. Jur. 776, sec. 128.

In *State v. Adams Express Co.*, 85 Neb. 25, 122 N. W. 691, 42 L. R. A. n. s. 396, it is said: "In making the investigation we start with the presumption that the statute in question is a valid and constitutional exercise of legislative power. *Reagan v. Farmers Loan & Trust Co.*, 154 U. S. 362, 395; *Ex parte Young*, 209 U. S. 123. The concurring opinion of Field, J., in *Ruggles v. Illinois*, 108 U. S. 526, 541; *State v. Fremont, E. & M. V. R. Co.*, 22 Neb. 313; *Davis v. State*, 51 Neb. 301. In the case last cited the rule is well stated as follows: 'Every legislative act comes before this court surrounded with the presumption of constitutionality and this presumption continues until the act under review clearly appears to contravene some provision of the constitution.' "

The burden of proof of the invalidity of any statute is therefore upon the one so claiming. "In consequence of the general presumption in favor of the validity of acts of the legislature and the desires of the courts in resolving all doubts in favor of their validity, the rule has become established that courts will not search the constitution for express sanction or for reasonable implication to sustain a legislative enactment; the successful assailant must be able to point out the particular provision that has been violated and the ground on which it has been infringed." 11 Am. Jur. 795, sec. 132, and many cases cited.

The question relative to the constitutionality of the act must be presented to the trial court else it cannot be considered by this court. *Howarth v. Becker*, 128 Neb. 580,

259 N. W. 505; *State ex rel. Sorensen v. Knudtsen*, 121 Neb. 270, 236 N. W. 696; *Mergenthaler Linotype Co. v. McNamee*, 125 Neb. 71, 249 N. W. 92. In the first two cases above cited this court applied the rule notwithstanding that the person claiming the invalidity of the statute was successful in the district court. Thus in the case of *Howarth v. Becker, supra*, it was said:

"The appellee contends that the trial court rightfully denied the application for two reasons, first, that the moratory act, section 20-21,159, Comp. St. Supp. 1933, is unconstitutional * * * .

"We have carefully examined the record in this case and we fail to find that the unconstitutionality of section 20-21,159, Comp. St. Supp. 1933, was pleaded or presented to the trial court for determination. This court has consistently held that in order for this court to consider the question of the constitutionality of a statute, it must first be raised and placed in issue in the trial court. *First Trust Co. v. Glendale Realty Co.*, 125 Neb. 283; *Bell v. Niemann*, 127 Neb. 762. We therefore hold that the question whether the Nebraska moratory act violates the Nebraska Constitution is not determinable in this court on this appeal for the reason that it was not presented to the district court in this case."

For the foregoing reasons any question relative to the constitutionality of the amendment of 1925 cannot be considered, and this court must presume, for the purpose of this proceeding, that the amendment is valid and constitutional.

The question then arises as to the proper consideration to be given to the amendment in question. It is entirely clear, as established by an overwhelming array of authorities, that the cardinal principle of construction or interpretation of a statute is to arrive at and give effect to the intention of the legislature. 25 R. C. L. 960; *City of Lincoln v. Nebraska Workmen's Compensation Court*, 133 Neb. 225, 274 N. W. 576; *Kearney County v. Hapeman*, 102 Neb. 550, 167 N. W. 792.

Since the act in question is clearly remedial it is well to call attention to several other pertinent rules, to wit: "In construing a remedial statute three things must be considered, viz.: The old law, the mischief and the remedy." *Clother v. Maher*, 15 Neb. 1, 16 N. W. 902. See, also, *City of Lincoln v. Nebraska Workmen's Compensation Court, supra*. Further, a remedial statute is to receive a liberal construction to carry into effect the purposes for which it was enacted. *City of Lincoln v. Nebraska Workmen's Compensation Court, supra*; *State v. Fremont, E. & M. V. R. Co.*, 22 Neb. 313, 35 N. W. 118; *Becker & Degen v. Brown*, 65 Neb. 264, 91 N. W. 178. And that a statute of doubtful meaning should be construed, if reasonably possible, so as to carry out the purpose and intention of the legislature, and when this purpose is manifest it will prevail over a seeming conflict in the language. *City of Lincoln v. Nebraska Workmen's Compensation Court, supra*; *State v. Ure*, 91 Neb. 31, 135 N. W. 224.

With these rules in mind we proceed to a discussion of the law in question. Prior to the amendment of 1925 (Laws 1925, ch. 64) to section 6 of the Code of Civil Procedure, that section provided that an action for the recovery of the title or possession of lands, tenements or hereditaments, "or for the foreclosure of mortgages thereon," could only be brought within ten years after the cause of action shall have accrued. Comp. St. 1922, sec. 8507. By construing the above section with certain other sections, as this court held in *Teegarden v. Burton*, 62 Neb. 639, 87 N. W. 337, and *McLaughlin v. Senne*, 78 Neb. 631, 111 N. W. 377, should be done, the ten-year period was extended under section 22 of the Code (Comp. St. 1922, sec. 8522) by part payment, written acknowledgment of debt or promise to pay. It was likewise postponed by section 7 of the Code (Comp. St. 1922, sec. 8518) in favor of any person "under any legal disability;" under section 17 (Comp. St. 1922, sec. 8519) in favor of any person "within the age of twenty-one years, insane or imprisoned." Again, it was tolled by section 20 of the Code (Comp. St. 1922, sec. 8520) against any person "out of

the state, or shall have absconded or concealed himself." It is thus seen that the basic ten-year period provided in section 6 of the Code could be postponed almost indefinitely for a variety of reasons, not one of which necessarily appeared on the face of the record. In the course of time a great many old unreleased mortgages accumulated on the records and clouded the titles. Since it was possible to extend the basic ten-year period in the various ways above mentioned an examiner of titles in such case was compelled to assume that an old unreleased mortgage had been tolled in one of the ways mentioned and was still in effect.

On the contrary, in the case of mechanics' liens, every one dealing with any land knew that when the period of two years had elapsed the lien could be disregarded with impunity and would cast no cloud upon the title. *Goodwin v. Cunningham*, 54 Neb. 11, 74 N. W. 315; *Green v. Sanford*, 34 Neb. 363, 51 N. W. 967. Although the two-year period for the foreclosure of mechanics' liens was only one-fifth of the basic ten-year period for the foreclosure of mortgages, that period had proved entirely satisfactory for many years and there has apparently never been any attempt to change it. If a definite period of limitation, not subject to extension for any reason, was satisfactory and desirable in the case of mechanics' liens, there can be no reason why the same or a similar unqualified provision would not be equally desirable as to mortgages.

Evidently with some such thought the legislature in 1925 amended section 6 of the Code above mentioned by clarifying when the cause of action should be deemed to accrue. It provided that such cause should be assumed to accrue, "at the last date of the maturity of the debt or other obligation secured thereby, as stated in, or as ascertainable from the record of such mortgage * * * ." Later in the amendment it was provided: "At the expiration of ten years from the date the cause of action accrues on any mortgage as is herein provided, such mortgage shall be presumed to have been paid, and the mortgage and the record thereof shall cease to be notice of the mortgage as unpaid and the lien

thereof shall then cease absolutely as to subsequent purchasers and encumbrancers for value; said period of ten years shall not be extended by nonresidence, legal disability, partial payment, or acknowledgment of debt."

Bearing in mind the old law, the mischief and the remedy, there can be no doubt that the legislature intended by the above to fix a definite unconditional period of limitation which could be extended only as therein provided by a refiling of the mortgage or a sworn copy thereof. Clearly the legislature intended to bar all mortgages where, on the face of the record, the cause of action accrued more than ten years previously, and that, regardless of anything which might formerly have tolled or extended the period. Only by making the period completely immune from being extended for any reason except as provided in the act would the law serve any useful purpose. See 17 Neb. Law Bulletin, 137, 144. This being true the law should be so construed as to subserve the legislative purpose. The words of the act: "shall not be extended by nonresidence, legal disability, partial payment, or acknowledgment of debt" should not receive a narrow or strict interpretation, but should be broadly and liberally construed to exclude every method or manner of tolling the statute, unless the mortgage is refiled or a sworn copy thereof filed.

The beneficial features of this legislation so overwhelmingly outweigh the trifling inconvenience to holders of mortgages that no reason can be conceived of why the amendment should be strictly construed.

As applied to this case the words "partial payment" in the act clearly include payments of principal and interest. The notes in question provided for the payment of a certain amount of money as principal and a certain amount or rate of money as interest. The principal and interest together at any given time constituted the indebtedness. The payment of principal or of interest which does not pay and satisfy the entire indebtedness is clearly a partial payment and, therefore, within the very terms of the law. Consequently the period of limitations in this case was not ex-

tended or tolled by the partial payment of interest and the lien of the mortgage was barred.

The case of *Steeves v. Nispel, supra,* relied on by plaintiff does not sustain her. It merely held that unrecorded written extension agreements are not included under any of the terms, "Nonresidence, legal disability, partial payment, or acknowledgment of debt" in the amendment of 1925, and therefore, such written extension agreement will toll the ten-year period. It seems to the writer of this opinion that the court in that case gave to the amendment of 1925 and the terms just quoted altogether too strict and narrow an interpretation and application. The writer believes that the legislative intent is entirely clear that as against purchasers and lienors for value, nothing should toll the ten-year period unless the mortgage is refiled or a copy thereof filed. However, whether the writer's criticism is or is not valid, the *Nispel* case goes as far in restricting the operation of the amendment as the court is disposed to go. It does not justify the additional restriction upon the act sought to be imposed herein. While the 1925 amendment may not, in specific terms, exclude written promises or extension agreements from tolling the period, it does, expressly and specifically, prohibit "partial payments" from so extending it.

It is unnecessary to consider the effect of the 1941 amendment since the mortgage in question was fully barred many months before that amendment was adopted.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.