State of Nebraska, appellee, v. John M. Schwade, APPELLANT.

131 N. W. 2d 421

Filed November 20, 1964.    No. 35765.

Mark A. Buchholz, for appellant.

Ralph D. Nelson, Henry L. Holst, and Fred J. Swihart, for appellee.

Heard before WHITE, C. J., MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. SMITH, District Judge.

WHITE, C. J.

Defendant appeals from a conviction and sentence under a city ordinance for driving a motor vehicle while under the influence of alcoholic liquor. At 1:30 a.m. on June 4, 1963, two Lincoln police officers, after observing defendant's erratic driving, took him to the police station, administered tests, and collected a voluntarily furnished specimen of urine, which tested 0.21 percentage alcohol (by weight).

The district court received in evidence the urine specimen and the testimony of the state licensed expert chemist that the specimen tested 0.21 percentage of alcohol by weight. The court instructed the jury on the rebuttable presumption of intoxication thus arising under section 39-727.01, R. S. Supp., 1961.

We summarize the contentions of the defendant as presented by those of his assignments of error and propositions of law that are discussed in his brief on appeal. His first and main contention is that the presumption statute, section 39-727.01, R. S. Supp., 1961, is uncon-

stitutional. Generally, he bases this contention upon the claim that, as a matter of recognized scientific fact, there is no rational connection between the percentage of alcohol in the urine and the state of intoxication of a defendant at the time the urine specimen was taken. Second, he contends that the presumption provisions of section 39-727.01, R. S. Supp., 1963, are ex post facto, as far as their application to this case is concerned, and a violation of the constitutional provision prohibiting the enactment of ex post facto legislation. Section 39-727.01, R. S. Supp., 1961, was amended by Laws 1963, c. 228, § 1, p. 714, to make its provisions applicable to trials and prosecutions under city ordinances (section 39-727.01, R. S. Supp., 1963). Since the effective date of the new act was June 10, 1963, and the offense occurred on June 4, 1963, he says that the application of the new statute to this trial is ex post facto because the difficulty of conviction is lessened as to the measure or character of the evidence required. His third contention is that the evidence is insufficient to support a conviction.

As to the first contention, in Vore v. State, 158 Neb. 222, 63 N. W. 2d 141, this court has held that there is a rational connection between urine specimen alcohol concentration and intoxication at the time the specimen was taken. The purport of our holding with reference to the defendant's contention is apparent from the following quotation: "The historical background of section 39-727.01, R. R. S. 1943, which has been adopted in substance by many states, is set forth in Toms v. State (Okl. Cr.), 239 P. 2d 812. It is therein pointed out that much alarm has been expressed by the legal profession in regard to statutes fixing a formula for determining intoxication by testing *body fluids* when there is such a *degree of variability in humans.* It is there stated, *accompanied by the citation of ample medical and legal authority,* that impairment sufficient to adversely influence driving ability is demonstrated quite clearly in the average individual *at alcoholic concentrations of*

*0.09 percent to 0.11 percent in the blood. The court then states that the establishment of 0.15 percent as the presumption limit allows sufficient tolerance for individual variation. Consequently the fixing of 0.05 percent and below as creating a presumption of nonintoxication, and the fixing of 0.15 percent and above as creating a presumption of intoxication, afford full protection against individual variation to those submitting to the test."* (Emphasis supplied.) The Toms case, 95 Okl. Cr. 60, 239 P. 2d 812, contains an exhaustive analysis of the relevancy of urine alcohol concentration to blood alcohol concentration and establishes that where there is 0.15 percent or more alcohol in the blood, or *equivalent amounts in other body fluids,* that it was sufficient as presumptive evidence of intoxication. It is said therein: " 'So by obtaining and analyzing samples of the urine or breath and measuring the amount of alcohol therein, an accurate and reliable estimate of the concentration of alcohol in the circulating blood can be obtained by chemical and mathematical calculation.' "

Defendant does not question that the foundational statutory requirements for the admission of this testimony have been met. In effect, we are asked to reexamine this determination of the competency and relevancy of this type of testimony in the light of the several medical and scientific authorities supplied us in the brief of the defendant. Defendant called no expert witness. None of the medical or scientific authorities supplied us in the brief were offered or received in evidence at the trial. On this basis, we are asked to determine, as a matter of law, that the scientific fact is that there is insufficient correlation between urine alcohol secured under the statutory test conditions and the degrees of intoxication of a defendant. We are asked to hold that the presumption statute is unconstitutional, therefore, because it is not based upon any rational connection that would justify its imposition.

There are two reasons why the defendant's conten-

tions as to constitutionality must fail. First, the record does not reveal that he raised the question of constitutionality in either aspect now presented to this court at any time in the trial court. As early as Pill v. State, 43 Neb. 23, 61 N. W. 96, a criminal case, this court said: "We must decline to consider the constitutionality of these sections at this time, since no such question was presented to or decided by, the court below. If the plaintiff desired to raise the validity of the law under which the conviction was had, he should have prosecuted error to the district court, and distinctly raised therein the constitutionality of the statute." See, also, State ex rel. Sorensen v. Knudtsen, 121 Neb. 270, 236 N. W. 696; State ex rel. McDonald v. Dyson, 106 Neb. 277, 183 N. W. 298; Johnson v. Richards, 155 Neb. 552, 52 N. W. 2d 737; Weekes v. Rumbaugh, 144 Neb. 103, 12 N. W. 2d 636, 150 A. L. R. 129; Howarth v. Becker, 128 Neb. 580, 259 N. W. 505; Hardy v. Hardy, 161 Neb. 175, 72 N. W. 2d 902. This follows the general rule applicable to civil and criminal cases alike. Ordinarily objections not presented to the trial court are not available on review and to make such error available for reversal in the appellate court it should be called to the attention of the district court and be affirmatively shown on record for review. It is fundamental that error may not be predicated on a ground not preserved by a proper objection. Fugate v. State, 169 Neb. 420, 99 N. W. 2d 868; Parker v. State, 164 Neb. 614, 83 N. W. 2d 347; Lorimer v. State, 127 Neb. 758, 257 N. W. 217; Thompson v. O'Grady, 137 Neb. 641, 290 N. W. 716. This follows the general rule applicable to criminal cases. In 24 C. J. S., Criminal Law, § 1676, p. 1163, it is stated: "In order to be preserved for review, constitutional questions ordinarily must have been properly and seasonably asserted in the lower court, and a ruling on such constitutional questions presented must be secured, * * *." (See extensive citation of cases under note 44, page 1163, supporting the above statement.) The general

rule as to both civil and criminal cases is stated in 4
C. J. S., Appeal and Error, § 234, p. 700: "It is a rule
of general application that the constitutionality of a
statute cannot be first questioned on appeal, *and this is
especially true when the constitutionality of a statute
depends on questions of fact as well as of law.*" (Emphasis supplied.)

Second, there is no evidence in the record to support
the defendant's position. He calls upon this court to
pass upon a medical scientific fact as the basis for determination as to the constitutionality of the presumption
statute. Defendant offered no medical or scientific testimony. The sole expert testimony adduced was that of
Robert Rist, the State's witness, who made the urine
alcohol test. No question arises as to whether the statutory conditions for the admission of this testimony were
supplied. We are asked to make a fact finding as to the
status of scientific knowledge on this subject based
upon a collection of articles and texts supplied in the
briefs but not in evidence or supported by any expert
testimony, nor offered under oath and subject to cross-examination.

This court cannot speculate on the comparative credibility of various articles and opinions set out in the
briefs by the parties. They furnish no legal basis for
a departure from the presumption of the validity and
constitutionality of the statute. It requires no citation
of authority that this court or the district court may not
make an essential factual determination unless presented
with and unless based upon competent and material evidence in the record.

The record also reveals that the defendant at no time
by appropriate motion or objection, or by raising it in
his motion for new trial, asserted the unconstitutionality
of the application of section 39-727.01, R. S. Supp., 1963;
as being ex post facto in its application to this case,
although by its expressed provisions it applied to this
type of prosecution. Under the same authority cited

above, this defense not having been asserted in the trial court, it may not be asserted for the first time on appeal here by assignment of error and argument in the brief.

Defendant argues that there was insufficient foundation for the admission in evidence of the test results of the urinalysis. He does not contend that the statutory requirements were not met. He says there was lack of proof of the purity of the chemicals used, that he was not apprised of his right to have the test administered by a physician or registered nurse, and that "proper procedures were not used in the collection of the urine specimen." The statute makes no such requirements for admissibility, nor does this court have the right to legislate any such requirements. In State v. Fox, *ante* p. 238, 128 N. W. 2d 576, our court held: "It was not the legislative intent that all possibility of inaccuracy or imperfection in the test should be excluded before being received in evidence. It is apparent that the intention of the Legislature was that such tests are admissible, and prima facie proof, whenever it be established that the statutory requirements are satisfied, * * * *"

The objections urged go to the weight and credibility of the testimony and not to its admissibility. There is no merit to this contention.

Defendant contends generally that the evidence is insufficient to support the conviction but fails to point out in what respect it fails. The opinion testimony of the police officers alone as to intoxication would be sufficient to support the verdict and the judgment. We have examined the evidence and it is ample to support the verdict and judgment.

The judgment of the district court is correct and is affirmed.

AFFIRMED.