STATE OF NEBRASKA, APPELLEE, V. WILLIAM L. HERT (BILL), APPELLANT.

224 N. W. 2d 188

Filed December 19, 1974. No. 39596.

Michael T. Levy, for appellant.

Clarence A. H. Meyer, Attorney General, and Michael R. Johnson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

Defendant was charged under the provisions of section 28-510, R. R. S. 1943, with having concealed certain cattle which he knew had been stolen. He entered a plea of not guilty, waived a trial by jury, and asked to

be tried by the court alone. At the conclusion of trial by the judge he was found guilty and sentenced to a term in the Nebraska Penal and Correctional Complex.

On appeal he assigns as error the following: (1) The evidence is insufficient to sustain the finding of guilty; (2) the statute defining the charge, section 28-510, R. R. S. 1943, is unconstitutional because in its enactment the following provisions of Article III, section 14, of the Constitution of Nebraska, "No bill shall contain more than one subject, and the same shall be clearly expressed in the title," were violated; (3) the defendant did not have effective assistance of counsel under the Sixth Amendment to the Constitution of the United States because counsel failed before trial to move for the defendant's absolute discharge under the terms of section 29-1209, R. S. Supp., 1972; and (4) the trial court erred in failing on its own initiative to determine whether the defendant intended knowingly and voluntarily to waive his right to absolute discharge under section 29-1209, R. S. Supp., 1972, for failure of the State to bring him to trial within the time provided by section 29-1207, R. S. Supp., 1972. We affirm.

We will not enter into a recital of the State's evidence. Suffice it to say that the bill of exceptions has been carefully read by us and that record demonstrates that the finding of guilty is supported by evidence which is not only legally sufficient, but also highly persuasive of its truth. The defendant's first assignment is without merit.

None of the other issues raised here were presented to the trial court for determination. The issue of the constitutionality of a statute under which a defendant is prosecuted may be raised in a variety of ways, including demurrer, motion, and by plea of not guilty. 16 C. J. S., Constitutional Law, § 96, p. 343. However, we have long held that the issue must be specifically called to the trial court's attention in some way so that it has an opportunity to rule upon it and that we will

not ordinarily consider for the first time in this court the constitutionality of the statute. Pill v. State, 43 Neb. 23, 61 N. W. 96; State v. Schwade, 177 Neb. 844, 131 N. W. 2d 421; State v. Tucker, 183 Neb. 577, 162 N. W. 2d 774. Cf. State v. Goodseal, 186 Neb. 359, 183 N. W. 2d 258. In Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, 84 A. L. R. 2d 933, the United States Supreme Court made the observation that, even where a federal constitutional question is involved, state procedural requirements governing the assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected. This observation certainly applies a fortiori where a provision of our own state Constitution is concerned. Erving v. State, 174 Neb. 90, 116 N. W. 2d 7. We, therefore, do not consider the constitutional question raised by the second assignment.

Assignments (3) and (4) are related and will be considered together. The information in this prosecution was filed May 18, 1973. The defendant was arraigned on August 10, 1973. The trial commenced on January 2, 1974, which is more than 6 months after the filing of the information and, under the provisions of section 29-1208, R. S. Supp., 1972, the defendant would have been entitled to his absolute discharge provided he made a timely motion and provided that none of the excluded periods mentioned in section 29-1207, R. S. Supp., 1972, were applicable. Whether any such excluded periods might have been applicable we have no way of knowing. Section 29-1209, R. S. Supp., 1972, states: "Failure of the defendant to move for discharge prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to speedy trial." The rule set forth in the statute is one which is universally applied. State v. Pilgrim, 182 Neb. 594, 156 N. W. 2d 171; Annotation, 57 A. L. R. 2d, § 11, p. 336, 57 A. L. R. 2d Later Case Service, § 11, p. 148; A. B. A. Standards Relating to Speedy Trial, § 4.1. If a

defendant claims to have a right to discharge under the statute, he must raise the question by timely motion. See State v. Alvarez, 189 Neb. 281, 202 N. W. 2d 604.

Does the failure of trial counsel to make a motion for discharge indicate ineffective assistance of counsel under the Sixth Amendment? We feel that we cannot pass upon the question even if we are to assume that it has been properly raised. It is evident that some types of attack upon effectiveness of counsel cannot be reached upon a direct appeal because the evidence which may bear upon such a determination is not shown in the trial record. This is one of those situations. It may well be that the failure to file a motion for discharge was deliberate. It is, for example, quite possible that the defendant may have desired the vindication of an acquittal and gambled upon that result rather than seeking a discharge upon a technical ground which, in most minds, would lead to an implication of guilt. The defendant took the stand in his own defense and denied the charges. The success of his defense depended mostly upon his own credibility. His retained and experienced counsel conducted the trial in a highly competent manner and presented much more than just a token defense. What the facts are with reference to the failure to file the motion for discharge requires evidence outside the record, including, in all probability, the testimony of counsel whose effectiveness is now under attack. See A. B. A. Standards Relating to The Defense Function, § 8.6. We hold that upon direct appeal we will not consider claims of ineffectiveness of counsel where the determination of the merits of such a claim may require an evidentiary hearing.

We do not wish to be taken as determining or implying that the failure to file the motion for discharge would necessarily constitute ineffectiveness of counsel under the Sixth Amendment to the Constitution of the

United States or under the comparable provision of the Constitution of this state. The procedure provided for by the statute in question obviously has nothing to do directly with the merits of the charge or of the fairness of the trial. Neither do the statutes in question necessarily define what constitutes a speedy trial within the meaning of the federal and state Constitutions. Another caveat is noted. Whether the defendant can take advantage of such a failure by his personally retained counsel and thus impute such action to the State may be an open question. See, Swanson v. Jones, 151 Neb. 767, 39 N. W. 2d 557; McMann v. Richardson, 397 U. S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763.

It was not the duty of the trial court to suggest to the defendant or his counsel that he file a motion for discharge or to suggest to him that he had a right to do so. The statute, section 29-1209, R. S. Supp., 1972, placed this burden upon the defendant. It is apparent that we did not suggest otherwise in State v. Alvarez, *supra*. In that case a motion was timely filed. The procedural recommendations we made there for the trial court to follow were not only for the purpose of avoiding such claims as are here made, but also to assure the making of a proper record. If the trial court in this case had followed those suggestions, the issue under section 29-1209, R. S. Supp., 1972, would probably not be here before us because the trial may well have been commenced within the 6-month period had defendant declined to make an express waiver.

AFFIRMED.