ANNIE BELL, APPELLANT, V. JOHN NIEMANN ET AL., APPELLEES.

FILED NOVEMBER 9, 1934. No. 29028.

*C. C. Cartney* and *G. E. Hager,* for appellant.

*McKillip & Barth, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

ROSE, J.

This is a suit in equity to foreclose a mortgage for

$11,000 on 200 acres of land in Seward county. The district court found the amount due on the mortgage to be $12,257.39 and entered a decree of foreclosure September 10, 1932. Defendants, John Niemann and Mary Niemann, mortgagors, stayed proceedings for nine months pursuant to a statutory right. After the expiration of that period the mortgaged land was sold under the decree. Before the judicial sale was confirmed mortgagors applied for a moratorium staying further judicial action until March 1, 1935, under the Nebraska moratory act. Laws 1933, ch. 65, sec. 1, Comp. St. Supp. 1933, sec. 20-21,159. Plaintiff objected to further delay of confirmation of the judicial sale on the ground that the moratory act is void as impairing obligations of the mortgage contract in violation of the federal Constitution. The application for a moratorium and objections thereto were submitted to the district court on a stipulation of facts not preserved by a bill of exceptions. By judicial order mortgagors were permitted to retain possession of the mortgaged premises until March 1, 1935, on condition of paying rent and complying with other terms imposed by the trial court under the moratory act. Plaintiff appealed.

The principal argument by plaintiff is directed to the proposition that the Nebraska moratory act violates that part of the federal Constitution providing that no state shall pass any law "impairing the obligation of contracts." Const. U. S. art. I, sec. 10. In principle the constitutional question has been determined by the supreme court of the United States. The legislature of Minnesota passed a moratory act similar to that herein assailed as unconstitutional. The supreme court of Minnesota held that the moratory act of that state impaired the obligation of mortgage contracts, but that the state legislature of Minnesota had power to do so in an emergency. *Blaisdell v. Home Building & Loan Ass'n*, 189 Minn. 422. The case was taken to the supreme court of the United States where the judgment of the Minnesota supreme court was affirmed. *Home Building & Loan Ass'n v. Blaisdell*, 290

U. S. 398. Whatever may be thought of that decision, it is binding on the supreme court of Nebraska in the present instance, because the supreme court of the United States is the judicial tribunal of last resort to determine whether a moratory law of a state impairing the obligation of mortgage contracts violates that part of the federal Constitution providing that no state shall pass any law impairing the obligation of contracts.

Whether the Nebraska moratory act violates the Nebraska Constitution is a question not presented to the district court in this case and consequently it is not determinable in the supreme court on an appeal in the same case, but is left open for future consideration.

The order relating to payment of rent and to other terms imposed by the moratory act is also challenged, but the record does not disclose any error in that respect.