CONTINENTAL COMPANY OF LINCOLN, APPELLEE, V. HARVEY RATHBONE ET AL., APPELLANTS.

273 N. W. 820

FILED JUNE 11, 1937. No. 30051.

*Chambers & Holland* and *John H. Keriakedes,* for appellants.

*Beghtol, Foe & Rankin, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is an appeal from an order confirming the sale of the mortgaged property in a foreclosure action and from the denial of defendants' application for a moratory stay.

The record shows that, after default, foreclosure was commenced against the property involved in this action. The property was sold on April 21, 1936, for $10,000. The trial court sustained defendants' objections to confirmation and ordered a new sale. The property was again sold on August 25, 1936, for $15,000. Defendants objected to the confirmation of the sale and again applied for a moratory stay. The trial court overruled defendants' application for a moratory stay and confirmed the sale. It is from this action of the trial court that this appeal was taken.

Appellee in its brief attempts to question the constitutionality of section 20-21,159, Comp. St. Supp. 1935, commonly called the Moratorium Act. The question was not raised in the district court and consequently cannot be raised in this court for the first time on appeal. *Howarth v. Becker,* 128 Neb. 580, 259 N. W. 505; *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792.

Appellants contend that the trial court erred in not allowing a moratory stay. Appellee offered no evidence of the value of the property. Neither did appellee produce any evidence showing that appellants had no interest in the property over and above appellee's first lien. While this court has repeatedly held that, where it appears from the evidence that the amount of the mortgage lien on the property under foreclosure exceeds its value, the moratory stay will be denied, yet, we have also held that the burden of proof is upon the party resisting the application for a moratory stay to establish that fact. *Howarth v. Becker,*

*supra*. The undisputed · evidence of the appellants is that the value of the property exceeds the amount of appellee's lien. Appellee offered no evidence whatever on this subject. Under such circumstances, the trial court should have allowed the moratory stay. A trial court cannot deny an application for a moratory stay under the provisions of section 20-21,159, Comp. St. Supp. 1935, unless it affirmatively appears that "good cause is shown to the contrary" as by the act provided. Good cause to the contrary not having been established by evidence, the trial court erred in overruling the application of appellants for a moratory stay.

REVERSED.